MARY E. GIBSON, Plaintiff-Appellant, v. COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellee.

Third District    No. 3—89—0150

Opinion filed January 4, 1990.

Michael J. Warner, of Braud/Warner, Ltd., of Rock Island (Duane Thompson, of counsel), for appellant.

Robert T. Park, of Rock Island, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The plaintiff, Mary E. Gibson, brought suit for a declaratory judgment against the defendant, Country Mutual Insurance Company (Country Mutual). The plaintiff appeals from the summary judgment entered in favor of Country Mutual. We affirm.

On November 20, 1984, the plaintiff was seriously injured in an automobile collision. On that date an automobile insurance policy issued to the plaintiff by Country Mutual was in force. That policy contained several coverages, one of which provided for medical payments to the plaintiff in the event she incurred medical expenses as a result of a motor vehicle accident, up to a maximum of $25,000. The policy also contained provisions that, at least on their face, al-

lowed Country Mutual to recoup medical payments out of any damages the plaintiff obtained, or had the right to obtain, from any third party. The effect of these latter provisions is the subject of this lawsuit. They state as follows:

"8. Our Right to Recover Payment (Subrogation)

a. If *we* make a payment under this policy, other than Death Benefit, Coverage C-1, and the person to or for whom payment was made has a right to recover damages, *we* will be subrogated to that right (have that right transferred to us). That person must do whatever is necessary to enable *us* to exercise *our* rights and must do nothing after the loss to prejudice *our* rights.

b. If *we* make a payment under this policy, other than Death Benefits, Coverage C-1, and the person to or for whom payment was made recovers damages from another, that person must hold the proceeds of the recovery in trust for *us* and must reimburse *us* to the extent of our payment." (Emphasis in original.)

The plaintiff's medical expenses exceeded $25,000, and her other damages exceeded $100,000. Country Mutual paid the plaintiff its policy limit for medical payments, $25,000. Later, the plaintiff entered into settlement negotiations with the driver of the other vehicle involved in the collision. The plaintiff agreed to settle her claim against that driver for his liability insurance limit, $100,000. It happened that Country Mutual insured both the plaintiff and the driver of the other vehicle. Country Mutual offered to pay the plaintiff $75,000, representing the other driver's policy limit less the medical payments Country Mutual had previously paid to the plaintiff. The plaintiff refused this offer, contending that she was due $100,000, and subsequently instituted this declaratory judgment action. On Country Mutual's motion for summary judgment, the trial judge determined that Country Mutual was entitled to recover the medical payments from any settlement between the plaintiff and the driver of the other vehicle. The plaintiff appeals from that judgment.

■ Summary judgment shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) In this case the facts are undisputed. Our inquiry focuses on whether Country Mutual is entitled to judgment as a matter of law.

The first issue raised by the plaintiff is whether the provisions

providing for subrogation and reimbursement are ambiguous, particularly as to the meaning of the word "damages" found therein. If indeed the provisions are ambiguous, such that they can have more than one reasonable meaning, then they will be construed against their drafter, Country Mutual, and in favor of the insured, the plaintiff. (See *Strzelczyk v. State Farm Mutual Automobile Insurance Co.* (1986), 113 Ill. 2d 327, 331, 497 N.E.2d 1170,1172; *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 423, 401 N.E.2d 539, 541.) However, if they have only one reasonable meaning, they will be enforced unless they are void for violating a valid statute or regulation, or for otherwise violating public policy. See *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 423, 401 N.E.2d 539, 541.

The plaintiff argues, in essence, that many different kinds of damages can arise as a result of a motor vehicle accident, and that it would be unjust, at least in certain situations, for an insurance company to be able to recover medical payments from damages which were not compensation for medical expenses. For instance, if the present case had gone to trial and the plaintiff were only able to prove that she suffered $30,000 in medical expenses and $20,000 in lost wages, but the jury found her 50% at fault, and so her award amounted to $25,000, the plaintiff argues that it would be unjust for Country Mutual to recover its $25,000 in medical payments out of this award. From this plaintiff concludes that it is ambiguous whether "damages" means damages of any type, or only damages of the same type as the benefits previously paid, in this case medical expenses.

The plaintiff correctly notes that provisions of insurance policies which seem clear on their face may contain latent ambiguities when applied to the facts of a specific case, and for that reason are not to be construed in a factual vacuum. (See *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 336, 312 N.E.2d 247, 250.) However, in this case we find neither a patent ambiguity nor a latent one. Country Mutual made "a payment under this policy, other than [a] Death Benefit," *viz.* the medical payments, and the plaintiff apparently has a "right to recover damages" from someone as a result of the automobile accident which necessitated the medical payments. We see no absurdity or injustice resulting from a literal application of the policy provisions such as would suggest a latent ambiguity in this case. We decline to decide whether in other factual situations a latent ambiguity might arise as to the meaning of the provisions at issue. It is enough at this juncture that

they are clear as to their meaning both on paper and as applied to the facts of this case.

The plaintiff next argues that if the policy provisions at issue are deemed unambiguous, then their application violates public policy where, as here, such application serves not to prevent double recovery of benefits, but only to reduce already inadequate benefits. In support of this proposition, the plaintiff cites several cases holding that an insurer may not offset benefits paid under uninsured motorist coverage by benefits paid under other coverages, such as medical payments coverage, unless necessary to prevent double recovery of benefits. (See *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247 (different coverages part of same policy; failed to discuss whether holding based on ambiguity or public policy); *Hoel v. Crum & Forster Insurance Co.* (1977), 51 Ill. App. 3d 624, 366 N.E.2d 901 (different coverages in policies issued to different persons, but insured was covered under both policies); *Melson v. Illinois National Insurance Co.* (1971), 1 Ill. App. 3d 1025, 274 N.E.2d 664 (different coverages part of same policy; holding based on interpretation of provisions of insurance policy); but see *Katz v. American Family Insurance Co.* (1987), 163 Ill. App. 3d 549, 516 N.E.2d 795 (different coverages in policies issued to different persons, but insured was covered under both policies; considered only policy language, and not public policy).) The cases on which the plaintiff relies based their decisions expressly or, by virtue of reliance on other cases, implicitly on the public policy embodied in the statute setting minimum amounts of uninsured motorist coverage for automobile insurance policies in Illinois. (Ill. Rev. Stat. 1987, ch. 73, par. 755a.) Since this case does not involve uninsured motorist coverage, we believe the cases dealing with uninsured motorist coverage are distinguishable.

We note that in the recent cases of *Becker v. Country Mutual Insurance Co.* (1987), 158 Ill. App. 3d 63, 510 N.E.2d 1316, and *Adolphson v. Country Mutual Insurance Co.* (1989), 187 Ill. App. 3d 718, 543 N.E.2d 965, cases which did not involve uninsured motorist coverage, the court found significant the fact that the insured was not in danger of receiving less than the minimum liability insurance coverage mandated by statute, even after allowing for credits claimed by the insurer. The plaintiff has not been placed in the position of receiving less than the minimum liability insurance coverage mandated by statute ($15,000 in 1984 (Ill. Rev. Stat. 1983, ch. 95½, par. 7—317)) as a result of Country Mutual's recovery of the medical payments from the liability settlement. We shall not entertain argu-

ments here that under different circumstances the statutory minimums might not be met as a result of application of crediting provisions.

Finally, the plaintiff argues that permitting Country Mutual to recover the medical benefits it paid deprives the plaintiff of benefits she paid for as part of her insurance premium. The answer to this contention is that she paid for the coverages stated in the policy, subject to the conditions stated in the policy. Benefits here are payable subject to any number of contingencies, such as types of loss, extent of losses, whether the insured is at fault, whether third parties at fault have insurance, and what limits third parties have on their liability coverages. In retrospect, the medical payments by Country Mutual only amounted to a loan. However, had circumstances been different, such as, for example, if the accident had been the plaintiff's fault, she would have been able to keep the medical payments. The benefit here is that the insured is guaranteed payment for medical expenses arising from a motor vehicle accident, up to a stated limit, regardless of fault. This is a valuable benefit despite the fact that in certain cases it does not serve to increase an insured's net recovery over what that recovery would have been in its absence. This is not a case where benefits are illusory.

In summary, the policy provisions allowing Country Mutual to recover its medical payments from damages the plaintiff receives from one who was at fault in the motor vehicle accident are unambiguous as applied to the facts of this case, and do not offend public policy, at least not for any of the reasons the plaintiff has proposed. Accordingly, the summary judgment in favor of Country Mutual is affirmed.

Affirmed.

HEIPLE, P.J., and STOUDER, J., concur.