BERNARD HACK *et al.*, Plaintiffs, v. MULTIMEDIA CABLEVISION, INC., *et al.*, Defendants (Allstate Insurance Company, Plaintiff and Intervenor-Appellant; Bernard Hack, Defendant in Intervention and Appellee).

First District (2nd Division)   No. 1—97—0159

Opinion filed April 14, 1998.—Rehearing denied July 14, 1998.

Williams & Montgomery, Ltd., of Chicago (James K. Horstman, Brian J. Hunt, and Lloyd E. Williams, Jr., of counsel), for appellant.

Law Office of Tom Leahy, of Chicago (Tom Leahy, of counsel), for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Intervenor Allstate Insurance Company appeals from the trial court order granting it only a small portion of the amount it had sought in its subrogation claim against plaintiff Bernard Hack. We affirm.

Hack filed an action against Multimedia Cablevision, Inc., and Jerry Larkin seeking damages relating to an automobile collision that took place on February 14, 1993. In the course of that litigation, Hack represented in verified answers to interrogatories that the medical expenses for which he sought recovery in the lawsuit were causally re-

lated to the collision. Allstate made payments totaling $32,415.61 to Hack's medical providers.

On December 3, 1996, the circuit court dismissed Hack's action against Multimedia Cablevision, Inc., and Jerry Larkin with prejudice, pursuant to settlement. However, the circuit court retained jurisdiction over the adjudication of medical liens. On December 5, 1996, Hack filed a "Motion to Adjudicate Medical Payment Lien," asking the court to adjudicate Allstate's lien to zero or, in the alternative, to $2,773.25, less attorney fees. Hack claimed that many of the medical payments that Allstate made were not in fact related to the automobile accident. In support of this motion, Hack relied on the deposition of his surgeon, Dr. Arthur Connor, who stated that Hack's only medical expense that was, within a reasonable degree of medical certainty, related to the accident was the treatment plaintiff received for a cervical strain. Hack therefore claims that he did not collect in settlement the medical payments related to the bills for which Allstate made its own payments. Hack claimed that Allstate's lien for subrogation benefits cannot attach to a settlement that does not include reimbursement for medical expenses paid by Allstate.

On December 13, 1996, Allstate filed a petition for intervention, a response to Hack's motion to adjudicate the lien and a motion for summary judgment seeking enforcement of its full contractual subrogation interest. Each of these pleadings asked the court to endorse the full amount of Allstate's subrogation rights and to award Allstate reimbursement of the $32,415.61 that it had paid to Hack's medical providers. Allstate relied on the provision of its insurance policy with Hack which provided that, "When we pay, your rights of recovery from anyone else become ours up to the amount we have paid. You must protect these rights and help us enforce them."

The circuit court granted Allstate's petition to intervene but denied Allstate's motion for summary judgment. The circuit court entered judgment in favor of Allstate and against Hack in the amount of $2,773.25, less attorney fees of one third. The circuit court stated that it was only enforcing Allstate's lien for those payments made by Allstate that related to the automobile accident. Allstate appeals.

We agree with the trial court that Allstate is not entitled in this subrogation action to the $32,415.61 that it paid to Hack's medical providers. A trial court's jurisdiction to adjudicate claims is limited to the matters raised in the pleadings. *Sullivan v. Sudiak*, 30 Ill. App. 3d 899, 333 N.E.2d 60 (1975). Allstate's complaint in intervention claims that it "is subrogated to the rights of Bernard Hack in any settlement proceeds from defendants, Larkin and Multimedia Cablevision, Inc." and "is entitled to recoupment of all medical treatment expenses, less

attorneys fees, from any settlement proceeds." Thus, because Allstate only sought subrogation out of the settlement, the circuit court was without jurisdiction to adjudicate whether Allstate is entitled to reimbursement of the medical expenses through any resources other than the settlement. While Allstate may have a right to be reimbursed for the payments it made to plaintiff's medical providers under some other claim, the question here, however, is simply whether Allstate can be reimbursed in this subrogation action from plaintiff's settlement.

The right of an insurer to subrogation is measured by and depends solely on the terms of the subrogation provisions in the contract. *Spirek v. State Farm Mutual Automobile Insurance Co.*, 65 Ill. App. 3d 440, 382 N.E.2d 111 (1978). The contractual provision in the Allstate insurance policy at issue here is contained in the section entitled "Personal Medical Payments Coverage," and states, "When we pay, your rights of recovery from anyone else become ours up to the amount we have paid." Subrogation is defined as the substitution of one individual in the place of a claimant to whose rights he succeeds in relation to a debt which he has paid. *State Farm General Insurance Co. v. Stewart*, 288 Ill. App. 3d 678, 681 N.E.2d 625 (1997). Therefore, Allstate's subrogation rights include only the settlement amounts payable to Hack by the tort defendants, Multimedia Cablevision and Larkin, for those medical expenses caused by the accident. Allstate does not have a right to be reimbursed for medical expenses for which Hack was not compensated in the settlement.

The settlement Hack received from the tort defendants did not state that a specific amount was designated for medical expenses. However, the circuit court's determination that only $2,773.25 of the settlement was for medical treatment Hack received for injuries caused by the accident was a reasonable assessment in light of the expert's testimony linking only those bills to the injuries caused by the accident.

Allstate claims that Hack's representation in verified answers to interrogatories that his medical expenses were causally related to the automobile collision amounts to a judicial admission that cannot be contradicted by adopting inconsistent evidence. A judicial admission is a deliberate, clear, unequivocal statement about a concrete fact within a party's particular knowledge. *Van's Material Co. v. Department of Revenue*, 131 Ill. 2d 196, 545 N.E.2d 695 (1989). While answers to interrogatories may be treated as judicial admissions, this rule is inapplicable when the party's statement is an estimate or opinion rather than one of concrete fact. *Brummet v. Farel*, 217 Ill. App. 3d 264, 576 N.E.2d 1232 (1991). An injured party's statement regarding his physi-

cal condition does not bind him as a judicial admission because a physician is better suited to understand the actual nature of the injuries. *International Harvester Co. v. Industrial Comm'n*, 169 Ill. App. 3d 809, 523 N.E.2d 1303 (1988). Hack's interrogatory answer regarding the cause of his injuries is not a judicial admission since the answer was not related to a fact within Hack's particular knowledge. Rather, Hack's physician, Dr. Connor, was better suited to present evidence regarding which medical expenses were related to Hack's automobile accident. Thus, based on Allstate's complaint in intervention, the terms of the insurance contract, and the expert's testimony, Allstate is entitled in this subrogation action to only the $2,773.25, less attorney fees.

Accordingly for the reasons set forth above, the trial court order awarding Allstate $2,773.25, less attorney fees, is affirmed.

Affirmed.

COUSINS and TULLY, JJ., concur.