SECOND DIVISION 

December 21, 1999 

No. 1-98-3202

SAMUEL PEARSON,

Plaintiff,

v.

TANYA STEDGE,

Defendant.

________________________________________

SAMUEL PEARSON,

Movant-Appellee,

v.

ILLINOIS FARMERS INSURANCE COMPANY,

Respondent-Appellant.

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

John G. Laurie,

Judge Presiding.

JUSTICE McBRIDE delivered the opinion of the court:

Plaintiff Samuel Pearson brought suit against defendant Tanya Stedge, seeking compensation relating to an automobile accident in which Pearson had been injured.  Following a settlement of the suit, plaintiff filed a motion to adjudicate a medical pay lien that had been filed by his automobile insurer, Illinois Farmers Insurance Company.  The circuit court ruled in favor of plaintiff, finding that the automobile insurance policy Pearson had with Farmers did not create a subrogation lien for medical expenses Farmers had paid to Pearson.  Farmers now appeals, contending that the circuit court's ruling was in error.

Plaintiff Samuel Pearson sustained injuries as a result of his involvement in a car accident with defendant Tanya Stedge on December 2, 1993.  At the time of the accident, Pearson had an automobile insurance policy (policy) with Illinois Farmers Insurance Company (Farmers).  Pursuant to the policy, Farmers made payments to Pearson to cover the costs of Pearson's medical treatment.

In January 1994, Pearson filed a personal injury action against Stedge, seeking compensation for injuries he had received, loss of income, and his medical costs.  Pursuant to a settlement, Stedge paid Pearson $15,000 and the case was dismissed in May 1998.  The court stated, in its order dismissing the case, that it retained jurisdiction to adjudicate any entitlement to a lien on the settlement amount.

In June 1998, Pearson filed a motion to adjudicate a medical pay lien Farmers had filed against the settlement proceeds.  Pearson alleged in his motion that his auto insurance policy with Farmers did not give rise to the medical pay subrogation lien Farmers had filed.  The circuit court granted Pearson's motion, finding that the policy did not create a subrogation lien for medical expenses paid by Farmers on behalf of plaintiff.  The court also ordered that the disputed amount of $2,398.56 be held by plaintiff's counsel pending a ruling by this court on appeal.  A motion for reconsideration filed by Farmers was denied and Farmers now appeals.

Part III of the Farmers auto policy concerns medical expense coverage and states, in pertinent part, that Farmers "will pay reasonable expenses for necessary medical services furnished within two years from the date of an accident arising from the maintenance or use of an automobile because of bodily injury sustained by an insured person."

Part V(5) of the policy concerns Farmers' right to recover payment, stating:

"If any person to or for whom we make payment under this policy has rights of recovery from another, those rights are transferred to us.  That person must sign and deliver to us any legal papers relating to that recovery, do whatever else is necessary to help us exercise those rights and do nothing after the 
accident
 or loss to prejudice our rights.

When a person has been paid 
damages
 by us under this policy and also recovers from another, the amount recovered from the other will be held by that person in trust for us and reimbursed to us to the extent of our payment.

However, our right to recover from others does not apply to Part II-Uninsured Motorist if we:

a.  Have received written notice in advance of a settlement between the 
insured person
 and the owner or operator of the 
uninsured motor vehicle
; and 

b. Fail to pay the 
insured
 person in an amount equal to the tentative settlement within 30 days after receipt of the notice."
(footnote: 1)
The policy defines "bodily injury" as "injury to the body, sickness, disease or death of any person."  The policy also defines damages as "the cost of compensating those who suffer bodily injury or property damage resulting from an accident."

Farmers first contends that the circuit court's decision contradicted the plain language of the provision of the policy stating that where a person has been paid damages by Farmers and also recovers from another, the amount recovered from the other will be held by that person in trust for Farmers and reimbursed to Farmers to the extent of Farmers' payment.  The construction of an insurance policy is a question of law and is thus subject to 
de
 
novo
 review.  
State Farm Mutual Automobile Insurance Co. v. Villicana
, 181 Ill. 2d 436, 441, 692 N.E.2d 1196 (1998); 
American States Insurance Co. v. Koloms
, 177 Ill. 2d 473, 479, 687 N.E.2d 72 (1997).  Ambiguous language in an insurance policy should be construed against the drafter.  
Katz v. American Family Insurance Co.
, 163 Ill. App. 3d 549, 552, 516 N.E.2d 795 (1987).  Where the terms in a policy are clear and unambiguous, they must be given their plain and ordinary meaning.  
Koloms
, 177 Ill. 2d at 479.  In such a case, there is no need for construction and the plain language of the policy will not be ignored by the court.  
Katz
, 163 Ill. App. 3d at 552.

Pearson argues that because the definition of damages under the policy does not specifically state that it includes medical expenses, the payments he received from Farmers are not covered under the reimbursement provision and thus no right of subrogation exists.  Pearson's analysis, however, does not go far enough.  Part III of the policy, which discusses medical expense coverage, states that Farmers "will pay reasonable expenses for necessary medical services furnished within two years from the date of an accident arising from the maintenance or use of an automobile because of bodily injury sustained by an insured person."  Therefore, medical expenses are payments made to an insured arising out of bodily injury sustained by the insured.  Here, after Pearson suffered bodily injury as a result of the auto accident, Farmers paid his medical expenses.

Pearson correctly points out that the medical expense coverage found in Part III of the policy does not state that such payments are reimbursable.  However, Part V, where the reimbursement provision at issue is found, is entitled "Conditions" and contains provisions relating to the policy as a whole.  Part V(5) of the policy states that where Farmers has paid damages to a person pursuant to the policy, and that person subsequently recovers from another, Farmers will be reimbursed to the extent of its payment.  Damages is a term defined elsewhere in the policy as "the cost of compensating those who suffer bodily injury or property damage resulting from an accident."  Reading the plain language of the provisions together, it is evident that medical payments, as a cost of compensating an insured who has suffered bodily injury resulting from an accident, thus fall under the broad definition of damages in the policy.

Because medical payments, as compensation for bodily injury, fall within the definition of damages under the policy, such payments are plainly covered by the reimbursement provision.  This plain reading is further supported by the fact that the provision goes on to specifically exclude uninsured motorist coverage in certain circumstances.  The existence of a specific exclusion in the broad general provision would logically indicate that all other types of compensation for bodily injury are covered by the reimbursement provision.  There is no ambiguity and the trial court's ruling that the policy did not create a subrogation lien for medical expenses was in error.

Farmers contends, in the alternative, that the first paragraph in Part V(5) of the policy also entitles it to recover from Pearson's settlement the money it paid Pearson for his medical expenses.  We find merit to this contention as well.  The first paragraph of Part V(5) states, in pertinent part, that "[i]f any person to or for whom we make payment under this policy has rights of recovery from another, those rights are transferred to us."  Pearson does not address this provision in his brief on appeal.

Farmers made "payment" to Pearson under the policy when it paid him his medical expenses.  Pearson, in turn, had a right of recovery against Stedge, sought to enforce that right through a lawsuit, and settled the suit for $15,000.  Among the damages Pearson sought from Stedge was reimbursement for "the costs of his medical bills and prescriptions."  "The right of an insurer to subrogation is measured by and depends solely on the terms of the subrogation provisions in the contract."  
Hack v. Multimedia Cablevision, Inc.
, 297 Ill. App. 3d 255, 257, 696 N.E.2d 694 (1998).  
The right to recover the medical costs, is, under the plain language of the subrogation provision in the policy, transferred to Farmers.

Our finding that the provisions in Part V(5) of the policy entitle Farmers to recover its medical payments from Pearson's settlement is further supported by Illinois caselaw.  Pearson relies on several cases, most notably 
Katz v. American Family Insurance Co.
, 163 Ill. App. 3d 549, 516 N.E.2d 795 (1987) and 
Gibson v. Country Mutual Insurance Co.
, 193 Ill. App. 3d 87, 549 N.E.2d 23 (1990). In 
Katz
, 163 Ill. App. 3d at 551, the defendant insurer paid $2,000 in medical expenses to the plaintiff insured following an automobile accident in which plaintiff was injured.  After plaintiff settled with the insurer of the driver of the car in which she had been a passenger, American Family claimed a lien of $2,000 against the proceeds of the settlement based on a provision in its policy with the insured that stated "[w]hen we pay damages under this policy to a person who also collected from another the amount collected from the other shall be repaid to us to the extent of our payment."  
Katz
, 163 Ill. App. 3d at 551.  The plaintiff maintained that the term damages applied only to car damages.  This court disagreed, finding that where the clause in question was in a part of the policy entitled "General Provisions," it was not necessary to limit the term damages to car damages.  
Katz
, 163 Ill. App. 3d at 552.  Thus, the court found that the subrogation clause was unambiguous and that the defendant insurer was entitled to recover from the settlement amount the medical expenses it had paid to plaintiff.  
Katz
, 163 Ill. App. 3d at 553.  This was true even though, as here, the medical expense coverage section did not apparently mention reimbursement and the reimbursement provisions were found in a section regarding general provisions and did not specifically mention reimbursement for medical expenses.

Pearson attempts to distinguish 
Katz
 on the basis that there was no indication in that case that the term damages was defined in the policy.  This distinction is not significant because we have found that a plain reading of the language of the policy as a whole requires a finding that the term damages includes medical expense payments.  Under such circumstances, the fact that the 
Katz
 court read the term damages to include medical payments merely supports a finding that absent language excluding medical payments, such payments generally fall within a plain language definition of damages.

In 
Gibson
, 193 Ill. App. 3d at 89, Country Mutual paid $25,000 to the plaintiff insured
 for medical expenses pursuant to an auto insurance policy.  Later, Country Mutual alleged that it was entitled to recover the medical payments from any settlement between the plaintiff and the other driver under provisions in the policy stating that if Country Mutual made a payment under the policy, and the person for whom payment was made had a right to recover damages or did recover damages, that right was transferred to Country Mutual or, in the case of a recovery, the person to whom payment was made must hold the proceeds of the recovery in trust for Country Mutual.  The court found no ambiguity in the provisions that would prevent Country Mutual from asserting its right to recover its medical payments.  
Gibson
, 193 Ill. App. 3d at 92.

Pearson maintains that 
Gibson
 is distinguishable by virtue of the fact that the provisions at issue there did not limit subrogation rights to instances where Country Mutual paid "damages" and because there was no indication in the 
Gibson
 opinion that the term "damages" was defined in the policy.  Again, we find Pearson's distinctions to be unpersuasive.  The language in the policy at issue in 
Gibson
 closely resembles that found in Part V(5) in the instant cause, the first paragraph of which also uses the term "payment" in describing what triggers Farmers' right of recovery.  As noted earlier, Pearson has not addressed in his brief on appeal why the paragraph concerning "payments" is not applicable in the instant case.  Further, as in our analysis of 
Katz
, we do not find the failure in 
Gibson
 to indicate that the term "damages" was defined in the policy to be sufficiently distinguishing in light of our findings regarding the plain language of the policy at issue here.  
Gibson's
 holding that the policy provisions similar to those found here were unambiguous, did not offend public policy, and allowed Country Mutual to recover its medical payments from damages the plaintiff received from the person at fault in the motor vehicle accident, supports our result.

Finally, Farmers contends that the ruling of the circuit court was contrary to public policy in that it allowed Pearson to secure a double recovery.  According to Farmers, affirmance of the circuit court's ruling would mean that insured persons could regularly secure double recoveries by receiving payment for medical expenses once from their insurers and again when they obtained a judgment against the at-fault driver.  In Illinois, a plaintiff is entitled to only one recovery for an injury and double recovery is a result which is condemned.  See 
Pasquale v. Speed Products Engineering
, 166 Ill. 2d 337, 368, 654 N.E.2d 1365 (1995); 
Wilson v. Hoffman Group, Inc.
, 131 Ill. 2d 308, 321, 546 N.E.2d 524 (1989).  In light of our findings above, we need not address this issue beyond noting that the trial court's ruling appeared to contravene this state's policy against double recovery.

Accordingly, the circuit court's order finding that the policy did not create a subrogation lien for medical expenses paid by Farmers on behalf of Pearson is reversed.  We hold that the policy creates a right of reimbursement for the medical expense payments Farmers paid to Pearson and direct that the $2,398.56 being held by Pearson's counsel pursuant to the trial court's order pending the outcome of this appeal should be paid to Farmers.

Reversed.

COUSINS, P.J., and GORDON, J., concur.

FOOTNOTES
1:
The emphasized words are per the original text of the policy, indicating terms that are defined within the policy.