WILLIAM GARCIA *et al.*, Plaintiffs-Appellees and Cross-Appellants, v. BARBARA GUTIERREZ, Defendant (Country Companies Insurance, as Subrogee of William Garcia *et al.*, Intervenors-Appellants and Cross-Appellees).

Third District    No. 3—01—0305

Opinion filed May 29, 2002.

Gregory F. Kelly, James P. Newman (argued), and Shari Shelmadine, all of Newman & Pelafas, of Chicago, for appellant.

Bennett J. Braun (argued), of Joliet, for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

Plaintiffs William and Anita Garcia settled a personal injury action with defendant Barbara Gutierrez's insurance company for injuries William and their daughter Krista sustained in a car accident. Thereafter, the Garcias' insurance carrier, Country Companies, intervened to protect its subrogation rights. The trial court determined that Country Companies had no subrogation rights as to Krista's recovery but that under the common fund doctrine the Garcias' attorney was entitled to one-third of the amount that Country Companies had paid for Krista's medical expenses. Country Companies appealed. We affirm the holding that Country Companies had no subrogation rights on Krista's recovery based on its policy language. But we hold that the common fund doctrine was not applicable. Accordingly, we reverse in part and remand for the common fund monies to be returned to Krista's estate.

## FACTS

Krista was injured when the car driven by her father was struck by a vehicle driven by Gutierrez. Country Companies paid $5,000 to the medical providers who treated Krista's injuries. Thereafter, the Garcias filed a three-count complaint against Gutierrez. Count I was for personal injuries that William sustained in the accident and for payments he made for Krista's medical expenses. Count II sought reimbursement for Krista's medical bills that were paid by Anita pursuant to the Rights of Married Persons Act (750 ILCS 65/15 (West 2000)). Count III was brought by Anita on behalf of Krista for Krista's personal injuries and medical expenses. The parties settled the case, pursuant to which William received $60,000 and Krista received

$55,000. Country Companies was reimbursed from William's proceeds for expenses paid on his behalf.

The Garcias filed a motion on behalf of their daughter to adjudicate Country Companies' lien on the proceeds of Krista's settlement and for application of the common fund doctrine if the lien was determined to be valid. Country Companies intervened and claimed that a lien attached to the amounts William and Anita recovered for Krista's medical expenses under counts I and II of the complaint. The trial court denied the Garcias' motion to adjudicate the lien, determined that the common fund doctrine was applicable to the $5,000 Country Companies had paid to Krista's medical providers, and reduced the $5,000 claim by one-third for attorney fees and for expenses incurred. The court further determined that no lien attached to the claim against Krista's estate. The court subsequently ruled that Country Companies had no valid lien on any portion of Krista's recovery. Country Companies appealed. After the appeal was filed, Country Companies discovered that the case between the Garcias and Gutierrez had never been dismissed after settlement was reached and thus prepared an agreed order of dismissal which the trial court entered. Country Companies then refiled the appeal in a timely fashion.

## ANALYSIS

■ Country Companies argues on appeal that the trial court erred when it determined that Country Companies was not entitled to recover medical payments made on Krista's behalf and when it applied the common fund doctrine. This court reviews questions of law *de novo*. *Woods v. Cole*, 181 Ill. 2d 512, 693 N.E.2d 333 (1998).

As a threshold issue, we must first address the Garcias' assertion that Country Companies failed to preserve any issues for appeal because the agreed order of dismissal referenced the settlement of all claims, including the subrogation issue.

■ A court order is to be interpreted in its entirety with reference to other parts of the record, including pleadings, motions, and issues before the court. See *Granville Beach Condominium Ass'n v. Granville Beach Condominiums, Inc.*, 227 Ill. App. 3d 715, 592 N.E.2d 160 (1992). An order is to be construed in a reasonable manner that gives effect to the apparent intention of the trial court. See *Granville Beach Condominium Ass'n*, 227 Ill. App. 3d at 720, 592 N.E.2d at 163.

■ The agreed order states that the "[p]laintiffs have settled their causes of action with the defendants," "that all parties seek and [*sic*] final order dismissing the [p]laintiffs' causes of actions with prejudice pursuant to settlement," and "that this matter is pending in the Appellate Court, but it appears that no final dismissal order was

entered." When read in its entirety and construed with the rest of the record, the order does not indicate that Country Companies' subrogation claim was included in the settlement and the dismissal. While inartfully drafted, we interpret the agreed order to mean that it memorialized the settlement between the Garcias and Gutierrez and provided a final and appealable order on the subrogation and common fund doctrine issues. Thus, we hold that jurisdiction is properly before this court. See *Hartford Fire Insurance Co. v. Whitehall Convalescent & Nursing Home, Inc.*, 321 Ill. App. 3d 879, 748 N.E.2d 674 (2001) (noting that an appellate court is vested with jurisdiction to hear appeals of final orders). Country Companies' first argument is that William and Anita were contractually bound under the terms of the insurance contract to reimburse it for medical payments it made on Krista's behalf.

■ Words of an insurance policy are to be given their plain meaning, but if they are susceptible to more than one meaning, they are ambiguous and should be narrowly construed against the insurer. See *Maremont Corp. v. Continental Casualty Co.*, 326 Ill. App. 3d 272, 760 N.E.2d 550 (2001). To determine whether an ambiguity exists, the policy should be read in its factual context wherein ambiguities may be discovered in the terms used. See *Pahn v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 343, 683 N.E.2d 972 (1997).

■ The policy states that "[i]f we make a payment *** and the person *to whom or from whom* payment was made *** has a right to recover damages, Country Companies is subrogated to that right" (emphasis added). Based on this language, we determine that the subrogation provision is ambiguous. The contract language suggests Country Companies' subrogation rights only attach to parties to whom Country Companies made payment or from whom payment was made. Such an interpretation would exclude Country Companies from subrogating an insured's recovery whenever Country Companies paid medical providers directly and would contravene the essence of subrogation. Accordingly, we hold that Country Companies had no subrogation right to recover for payments it made for Krista's medical expenses. See *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 607 N.E.2d 1204 (1992) (holding that ambiguous provisions in an insurance policy are to be construed in favor of the insured).

We turn now to Country Companies' second argument, that the trial court erred when it applied the common fund doctrine and awarded the Garcias' attorney one-third of the amount Country Companies paid for Krista's medical expenses.

■ Under the common fund doctrine, a lawyer who recovers a sum

of money for the benefit of others beyond his client is entitled to reasonable attorney fees from the fund as a whole. See *Country Mutual Insurance Co. v. Birner*, 293 Ill. App. 3d 452, 688 N.E.2d 859 (1997). To be entitled to fees under the doctrine, an attorney must show (1) that the fund was created as a result of legal services he performed; (2) that the subrogee did not participate in creating the fund; and (3) that the subrogee benefitted out of the fund. *Birner*, 293 Ill. App. 3d at 456, 688 N.E.2d at 862. When these conditions are satisfied, fees and expenses incurred in setting up the fund should be apportioned among those who benefitted from its creation. *Birner*, 293 Ill. App. 3d at 456, 688 N.E.2d at 862.

■ Because we determined that Country Companies had no subrogation rights, it follows that Country Companies did not benefit from any common fund that was created. Because one of the elements necessary for application of the common fund doctrine is lacking, we hold that the trial court erred in implementing the doctrine, and we reverse its decision. Consequently, the $5,000 that was taken from Krista's recovery should be returned to her estate and no attorney fees or expenses should be deducted or paid out of Krista's recovery. We remand for the trial court to act in accordance with this order.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed in part, reversed in part, and remanded.

Affirmed in part and reversed in part; cause remanded.

HOLDRIDGE and SLATER, JJ., concur.