SECOND DIVISION

NO. 1-06-2994

RICKY D. COMPTON, on Behalf of    ) Appeal from the
Himself and All Others Similarly  ) Circuit Court of
Situated,                         ) Cook County.
                                  )
         Plaintiff-Appellant,     )
                                  )
         v.                       ) No. O5 CH 3207
                                  )
COUNTRY MUTUAL INSURANCE COMPANY, ) Honorable
                                  ) Peter Flynn,
         Defendant-Appellee.      ) Judge Presiding.

JUSTICE HALL delivered the opinion of the court:

The plaintiff, Ricky Compton, filed an action against the defendant, Country Mutual Insurance Company (Country Mutual), for declaratory judgment, breach of contract and consumer fraud on behalf of himself and similarly situated individuals. In his complaint, the plaintiff maintained that Country Mutual's practice of placing liens on insurance proceeds due insureds breached its contract of insurance with its insureds and violated the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 et seq. (West 2004)). The circuit court dismissed the plaintiff's third amended complaint and denied leave to amend. The plaintiff filed a timely notice of appeal.

On appeal, the plaintiff raises the following issues: (1) whether the circuit court erred when it dismissed the third amended complaint; (2) whether the circuit court erred when it refused to vacate the order of dismissal or grant reconsideration

No. 1-06-2994

of the dismissal order; and (3) whether the circuit court erred when it denied the plaintiff's motion for leave to file an amended complaint.  The pertinent factual allegations are taken from the plaintiff's third amended complaint.

The plaintiff was insured by Country Mutual.  After being injured in an automobile accident, the plaintiff filed a claim with the defendant for medical expenses, which Country Mutual paid, "at least in part."  Country Mutual filed a lien with Founders Insurance Company (Founders), the tortfeasor's insurance company, "to recover, *inter alia*, payments it made" to the plaintiff's medical providers.  The plaintiff settled with the tortfeasor.  Pursuant to the settlement, Founders issued a check payable to the plaintiff, the plaintiff's attorney and Country Mutual.

On information and belief, the plaintiff alleged that Founders included Country Mutual on the check because Country Mutual previously provided it with "a notice of lien on payments received by Plaintiff for, *inter alia*, subrogation for [Country Mutual's] medical payments on [the plaintiff's] behalf."  The plaintiff further alleged that Country Mutual refused to extinguish the lien, denying the plaintiff access to funds to which he was entitled.

Attached to the third amended complaint were the following exhibits: a copy of the check from Founders, dated August 15, 2004, in the amount of $1,050 and payable to the plaintiff, his

2

attorney and Country Mutual; a copy of a December 18, 2002, letter from Tim Woollen, Country Mutual's claims specialist, to Founders seeking recovery of $2,391.70 paid out by Country Mutual for property damage related to the plaintiff's accident; and certain provisions of Country Mutual's insurance policy. The language of the plaintiff's policy with Country Mutual at issue here is as follows:

"**9.  Our Right to Recover Payment (Subrogation).**

a.  If **we** make a payment under this policy, other than Death Benefit, Coverage C-1, and the person to or from whom payment was made has a right to recover damages, **we** will be subrogated to that right (have that right transferred to **us**).  That person must do whatever is necessary to enable **us** to exercise **our** rights and must do nothing after the loss to prejudice **our** rights.

b.  If **we** make a payment under this policy, other than Death Benefit, Coverage C-1, and the person to or for whom payment was made recovers damages from another, that person must hold the proceeds of the recovery in trust for **us** and must reimburse **us** to the extent of **our** payment."  (Emphasis in original.)

The plaintiff maintained that the above language did not authorize Country Mutual to place liens on the proceeds due the plaintiff and other policyholders because "it is only subrogated to the right to recover medical payments from a person 'to whom

3

or from whom' it made the payment."  The plaintiff sought a declaration that Country Mutual's practice of imposing liens on proceeds due its insureds improperly prevented the insureds from receiving the monies due them.  The plaintiff further maintained that Country Mutual's action breached the contract of insurance because the lien practice was not authorized by the policy. Finally, the plaintiff maintained that Country Mutual's lien practice violated the Consumer Fraud Act.

Country Mutual filed a motion to dismiss the third amended complaint pursuant to section 2-615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-615 (West 2004)).  Country Mutual maintained that it exercised its right to reimbursement as provided for by section 9(b) of the policy, not subrogation under section 9(a) of the policy as argued by the plaintiff. Therefore, Country Mutual asserted that the plaintiff failed to state a cause of action for breach of contract or consumer fraud.

In his response to the motion to dismiss, the plaintiff argued that section 9(b) did not authorize reimbursement via the lien procedure utilized by Country Mutual. Under the section 9(b) reimbursement, if the insured recovered damages, the proceeds must be held in trust and repaid to the insurer to the extent of the insurer's payment.  The plaintiff reasoned that he could not recover the damages because Country Mutual's lien "tied up" the proceeds and prevented him from holding them in trust.

On August 21, 2006, the circuit court dismissed the third

amended complaint with prejudice. On September 28, 2006, the plaintiff filed a combined motion to vacate, or, in the alternative, to reconsider the dismissal order and for leave to file an amended complaint. On October 4, 2006, the circuit court denied the combined motion. This timely appeal followed.

ANALYSIS

I. Section 2-615 Dismissal

A. <u>Standard of Review</u>

The granting of a motion to dismiss pursuant to section 2-615 of the Code is reviewed under the <u>de</u> <u>novo</u> standard of review. <u>Carroll v. Faust</u>, 311 Ill. App. 3d 679, 725 N.E.2d 764 (2000).

B. <u>Applicable Principles</u>

A section 2-615 motion to dismiss attacks the legal sufficiency of the complaint based upon defects appearing on the face of the complaint. <u>Guinn v. Hoskins Chevrolet</u>, 361 Ill. App. 3d 575, 586, 836 N.E.2d 681 (2005). "When reviewing the sufficiency of a complaint, the court must accept as true all well-pleaded facts and all reasonable inferences that can be drawn from those facts." <u>Guinn</u>, 361 Ill. App. 3d at 586. Legal and factual conclusions, unsupported by allegations of fact, may be disregarded. <u>Guinn</u>, 361 Ill. App. 3d at 586. "It is the court's duty to determine, considering the allegations of the complaint in the light most favorable to the plaintiffs, whether the allegations are sufficient to state a cause of action upon which relief may be granted." <u>Guinn</u>, 361 Ill. App. 3d at 586.

"The complaint should not be dismissed unless it is clearly apparent that the plaintiffs could prove no set of facts that would entitle them to relief."  Guinn, 361 Ill. App. 3d at 586.

### C.  Discussion

The circuit court's order dismissing the third amended complaint did not specify its reasoning for the dismissal.  While the plaintiff has included a transcript of the hearing on the motion to dismiss in the appendix to his brief, the transcript is not included in the record on appeal and therefore is not properly before this court.  See Carroll, 311 Ill. App. 3d at 683 (attachments to briefs not included in the record are not properly before the reviewing court and cannot be used to supplement the record).  Nonetheless, both parties agree that the circuit court dismissed the case based on its finding that the plaintiff could not prove damages inasmuch as Country Mutual was entitled to the entire proceeds check issued by Founders.

The plaintiff contends, first, that it was error for the circuit court to conclude from the exhibits to the third amended complaint that the plaintiff could not prove damages.  He further contends that at the very least there is a question of fact as to whether the amount owed to Country Mutual exceeded the proceeds from Founders.

Both breach of contract actions and violations of the Consumer Fraud Act require that the plaintiff allege damages. See Gore v. Indiana Insurance Co., 376 Ill. App. 3d 282, 286, 876

6

N.E.2d 156 (2007) (breach of contract); Guinn, 361 Ill. App. 3d at 588 (Consumer Fraud Act).  In this case, the plaintiff pleaded that liens were placed against him and that he was deprived of the use of the proceeds check including the right to earn interest on the money.

"[E]xhibits attached to a complaint become part of the pleadings, and factual matters in such exhibits which are at odds with a complaint's allegations control over those conflicting allegations." Abbott v. Amoco Oil Co., 249 Ill. App. 3d 774, 778-79, 619 N.E.2d 789 (1993).  The complaint acknowledged that the Country Mutual had paid part of the plaintiff's medical expenses, though it failed to state an exact figure.  Attached to the third amended complaint was a copy of the Founders' proceeds check in the amount of $1,050.

Also attached was a copy of a letter from Country Mutual to Founders.  The letter provided in pertinent part as follows:

> "You had sent a letter on 11/4/02 to my attention advising that you were negotiating COUNTRY Mutual Insurance subrogation interest for the property damages we paid out with our insureds attorney. *** I would appreciate an immediate reply regarding our subrogation interest recovery and settlement of the $2,391.70 in damages we submitted 10/7/02." (Emphasis added.)

According to the letter, the $2,391.70 represented the amount that Country Mutual had already paid out on the property damage

claim. Based on the exhibits to the third amended complaint, Country Mutual was entitled to reimbursement in excess of the amount of the Founders' proceeds check and therefore the exhibits negated the plaintiff's allegations of damages.

The plaintiff argues that the $2,391.70 was for property damage and therefore should not be considered in calculating whether Country Mutual was owed any reimbursement from the Founders' proceeds check. However, section 9(b) of the policy does not make any distinction between types of damages recovered in allowing Country Mutual to be reimbursed for payments made on behalf of its insured.

The plaintiff then argues that section 9(b) did not permit Country Mutual to exercise its right to reimbursement by asserting a lien with Founders. He points out that section 9(b) requires that he hold the proceeds in trust for Country Mutual and to reimburse Country Mutual. He asserts that the language does not put the insured on notice that the insurer will place a lien on the proceeds.

In Pearson v. Stedge, 309 Ill. App. 3d 807, 723 N.E.2d 773 (1999), the insurance policy provided that "'[w]hen a person has been paid **damages** by us under this policy and also recovers from another, the amount recovered from the other will be held by that person in trust for us and reimbursed to us to the extent of our payment.'" (Emphasis in original.) Pearson, 309 Ill. App. 3d at 809. The plaintiff settled with the tortfeasor and then moved to

8

adjudicate the medical pay subrogation lien his insurer filed for the medical expenses the insurer had paid on the plaintiff's behalf. The trial court agreed with the plaintiff that the policy did not create a subrogation lien for the medical expenses paid by the insurer. Pearson, 309 Ill. App. 3d at 808-09.

The reviewing court reversed. After determining that "damages" included medical expenses, the court concluded that the reimbursement provision was not ambiguous, and the trial court's ruling that the policy did not create a subrogation right for the medical expenses was in error. Pearson, 309 Ill. App. 3d at 810-11.

Subsequently, in Nesby v. Country Mutual Insurance Co., 346 Ill. App. 3d 564, 805 N.E.2d 241 (2004), the reviewing court found that the policy reimbursement language, identical to the policy reimbursement language in the present case, "clearly states that if the plaintiff recovers from another, Country Mutual obtains the right to be reimbursed to the extent of its payment. It is the unambiguous language that controls, not equitable considerations." Nesby, 346 Ill. App. 3d at 567.

The plaintiff then argues that his third amended complaint could be read as alleging that Country Mutual asserted its right to the proceeds based on its subrogation rights under section 9(a) of the policy. The plaintiff points out that, for purposes of a section 2-615 motion, the circuit court was required to accept the allegation as true.

In Pearson, the court addressed the insurer's alternative argument, whether the insurer had a right to recover from the settlement based on the following policy language: "'[i]f any person to or for whom we make payment under this policy has rights of recovery from another, those rights are transferred to us.'" Pearson, 309 Ill. App. 3d at 811. Noting that the plaintiff had sought reimbursement of his medical expenses in his suit against the tortfeasor, the court concluded that the "right to recover the medical costs is, under the plain language of the subrogation provision in the policy, transferred to [the insurer]." Pearson, 309 Ill. App. 3d at 811.

The plaintiff relies on Garcia v. Gutierrez, 331 Ill. App. 3d 127, 770 N.E.2d 1227 (2002). In Garcia, William Garcia and his daughter, Krista, were injured in an automobile accident. Country Companies, the Garcias' insurer, paid $5,000 to the medical providers who treated Krista. The Garcias sued the tortfeasor seeking, inter alia, reimbursement for sums they paid for Krista's medical expenses. After the Garcias settled with the tortfeasor, County Companies filed a lien on the proceeds of Krista's settlement of $55,000, and the Garcias moved to adjudicate the lien. Ultimately, the circuit court held that Country Companies had no valid lien on any portion of Krista's recovery. Garcia, 331 Ill. App. 3d at 128-29.

At issue was the following language from the insurance policy: "'[i]f we make a payment *** and the person *to whom or*

10

No. 1-06-2994

*from whom* payment was made \*\*\* has a right to recover damages,
Country Companies is subrogated to that right' (emphasis added)."
Garcia, 331 Ill. App. 3d at 130.  The reviewing court determined
that the above-quoted language was ambiguous, explaining as
follows:

> "The contract language suggests Country Companies'
> subrogation rights only attach to parties to whom Country
> Companies made payment or from whom payment was made.  Such
> an interpretation would exclude Country Companies from
> subrogating an insured's recovery whenever Country Companies
> paid medical providers directly and would contravene the
> essence of subrogation.  Accordingly, we hold that Country
> Companies had no subrogation right to recover for payments
> it made for Krista's medical expenses."  Garcia, 331 Ill.
> App. 3d at 130.

The plaintiff's reliance on Garcia is misplaced.  In the
present case, Country Mutual's argument is that it has a right to
reimbursement under section 9(b) whereas the language found
ambiguous in Garcia was the subrogation language in section 9(a).
Unlike section 9(a), section 9(b) states "to or for whom."
Moreover, we do not agree that Country Mutual's assertion of an
interest in the proceeds recovered by the plaintiff via a lien
means that it was exercising its rights exclusively under section
9(a).

Neither Nesby nor Pearson addressed directly whether placing

11

a lien on insurance proceeds as a means to enforce the right of reimbursement is authorized by the insurance policy. However, in Pearson, where the insurer had asserted its rights by filing a medical lien, the reviewing court held that the trial court erred when it found that the policy did not create a subrogation lien for medical expenses. Pearson, 309 Ill. App. 3d at 811. While Nesby does not mention the term "lien," the court noted that "Country Mutual asserted an interest in the proceeds recovered by the plaintiff." Nesby, 346 Ill. App. 3d at 566. The term "lien" is defined as "[a] legal right or interest that a creditor has in another's property, lasting usu. until a debt or duty that it secures is satisfied." Black's Law Dictionary 933 (7th ed. 1999). Even assuming that under Garcia County Mutual had no subrogation lien under section 9(a), guided by the decisions in Nesby and Pearson, we conclude that Country Mutual's use of a lien to secure its right to reimbursement was authorized by section 9(b) of the policy.

Finally, the plaintiff argues that since actual title of section 9 of the policy is "**Our Right to Recover Payment (Subrogation)**" (emphasis in original), both sections 9(a) and 9(b) involve subrogation. We disagree. The two subparagraphs of section 9 deal with different forms of recovery by Country Mutual. Section 9(a) specifically refers to subrogation in connection with the right to recover damages. In contrast, section 9(b) refers to reimbursement in the situation where the

12

insured has recovered damages.  Section 9(b) clearly does not involve subrogation since it does not require Country Mutual to "step into the shoes of, or be substituted for," its insured (Dix Mutual Insurance Co. v. LaFramboise, 149 Ill. 2d 314, 319, 597 N.E.2d 622 (1992)) and look to a third party in order to assert its right to repayment.  The construction of section 9 urged by the plaintiff ignores the principle that a contract should be construed as a whole and that such construction should be a natural and reasonable one.  Smith v. Allstate Insurance Co., 312 Ill. App. 3d 246, 253, 726 N.E.2d 1 (1999).

We conclude that the third amended complaint was properly dismissed for failure to state a cause of action in that the plaintiff failed to plead a viable damages claim.  The dismissal of the third amended complaint was also proper because Country Mutual's lien against the Founders' proceeds check was authorized under section 9(b) of the insurance policy.  See Guinn, 361 Ill. App. 3d at 586 (appellate court may affirm on any ground in the record for which there is a factual basis, regardless of the trial court's reasoning).

II.  Denial of Motion to Vacate or Reconsider

A.  Standard of Review

The plaintiff asserts that the standard of review applicable to the denial of the motion to vacate or reconsider is de novo. Muhammad v. Muhammad-Rahmah, 363 Ill. App. 3d 407, 415, 844 N.E.2d 49 (2006) (review of the denial of a motion to reconsider

13

based only on the circuit court's application of existing law is de novo). However, where the denial of a motion to reconsider is based on new matters, such as additional facts or new arguments or legal theories that were not presented during the course of the proceedings leading to the issuance of the order being challenged, the abuse of discretion standard applies. Muhammad, 363 Ill. App. 3d at 415 (abuse of discretion standard applied where motion to reconsider was based on a new legal theory).

In his motion to reconsider, the plaintiff alleged that he could plead facts establishing that the Founders' settlement check exceeded the amount of Country Mutual's lien. Since the motion for reconsideration rested on new factual allegations, the applicable standard of review is abuse of discretion.

## B. Discussion

The record on appeal does not contain a transcript of the hearing on the motion for reconsideration. The circuit court's October 4, 2006, order provided that "due notice having been given and the Court having been fully advised in the premises," the plaintiff's motion was denied.

The appellant bears the burden of presenting a record that is adequate for a determination of the issues. In re Estate of Hayden, 361 Ill. App. 3d 1021, 1030, 838 N.E.2d 93 (2005). "When a transcript is not included in the record on appeal, the reviewing court has no basis for holding that a trial court abused its discretion in denying the motion." Hayden, 361 Ill.

14

No. 1-06-2994

App. 3d at 1030. In such cases, unless the record indicates otherwise, the reviewing court presumes that the trial court heard sufficient evidence to support its decision. Webster v. Hartman, 195 Ill. 2d 426, 433, 749 N.E.2d 958 (2001); but see Muellman-Cohen v. Brak, 361 Ill. App. 3d 52, 836 N.E.2d 678 (2005) (even though the plaintiff failed to provide a transcript, the court would not presume the trial court's disqualification of her attorney was in conformance with the law). The record in this case does not indicate otherwise.

   "'The intended purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law.'" North River Insurance Co. v. Grinnell Mutual Reinsurance Co., 369 Ill. App. 3d 563, 572, 860 N.E.2d 460 (2006), quoting Landeros v. Equity Property & Development, 321 Ill. App. 3d 57, 65, 747 N.E.2d 391 (2001). In his motion to reconsider, the plaintiff argued that he could allege facts showing that the Founders' proceeds check exceeded the amount owed to Country Mutual. However, these "facts" do not qualify as "newly discovered evidence." Newly discovered evidence is evidence that was not available prior to the first hearing. Gardner v. Navistar International Transportation Corp., 213 Ill. App. 3d 242, 248, 517 N.E.2d 1107 (1991). "Trial courts should not allow litigants to stand mute, lose a motion, and then frantically gather material to show that the court erred in its

15

ruling." Gardner, 213 Ill. App. 3d at 248. The plaintiff did not allege that he was unaware of those facts he proposed to allege.

Moreover, the plaintiff's argument that the Founders' proceeds check contains nonliened funds does not protect it from Country Mutual's reimbursement right. As previously noted, for purposes of reimbursement under the policy, it made no difference that the proceeds check was for bodily injury and Country Mutual's lien was for property damage.

We conclude that the denial of the motion to vacate or to reconsider was not an abuse of discretion.

### III. Denial of Leave to File an Amended Complaint

#### A. Standard of Review

"Whether to allow an amendment of a complaint is a matter within the sound discretion of the trial court, and, absent an abuse of that discretion, the court's determination will not be overturned on review." Village of Wadsworth v. Kerton, 311 Ill. App. 3d 829, 842, 726 N.E.2d 156 (2000). "An abuse of discretion will be found only where no reasonable person would take the view adopted by the trial court." Keefe-Shea Joint Venture v. City of Evanston, 364 Ill. App. 3d 48, 61, 845 N.E.2d 689 (2005).

#### B. Discussion

Section 2-616(a) of the Code (735 ILCS 5/2-616(a)(West 2004)) provides that at any time before final judgment, the court may permit amendments on just and reasonable terms to enable the

16

plaintiff to sustain the claim brought in the suit.  In considering whether a circuit court abused its discretion in ruling on a motion for leave to file an amended complaint, the reviewing court considers the following factors: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleadings could be identified."  Loyola Academy v. S & S Roof Maintenance, Inc., 146 Ill. 2d 263, 273, 586 N.E.2d 1211 (1992).  Given the broad discretion a trial court exercises in ruling on motions to amend pleadings prior to final judgment, a court should not find that the denial of a motion to amend is prejudicial unless there has been a manifest abuse of discretion.  Loyola Academy, 146 Ill. 2d at 273-74.

The above factors apply to amendments proposed prior to final judgments.  After final judgment, pleadings may be amended to conform the pleadings to the proof.  See 735 ILCS 5/2-616(c) (West 2004).  In this case, the circuit court dismissed the plaintiff's third amended complaint with prejudice.  Where a complaint is dismissed with prejudice and does not include a statement allowing the plaintiff leave to amend, an involuntary dismissal order is final.  DeLuna v. Treister, 185 Ill. 2d 565, 573, 708 N.E.2d 340 (1999).  Where the trial court's dismissal of the plaintiff's third amended complaint constituted a final

17

No. 1-06-2994

judgment, the plaintiff had no statutory right to amend, and the court committed no error in denying the plaintiff's postjudgment motion to vacate/motion for leave to file a fourth amended complaint. <u>Folkers v. Drott Manufacturing Co.</u>, 152 Ill. App. 3d 58, 68, 504 N.E.2d 132 (1987).

The plaintiff's reliance on <u>Ruklick v. Julius Schmid, Inc.</u>, 169 Ill. App. 3d 1098, 523 N.E.2d 1208 (1988), is misplaced. There the reviewing court acknowledged that once a final judgment of dismissal with prejudice was entered on the plaintiffs' complaint, there was no authority under section 2-616 to allow the amendment of their complaint. However, because the judgment of dismissal was entered improperly, the court should have vacated the judgment as the plaintiffs requested, and there then would have been no impediment to allowing the filing of the amended complaint. <u>Ruklick</u>, 169 Ill. App. 3d at 1111. In the present case, no error occurred in the dismissal of the third amended complaint.

Even if the application of the <u>Loyola Academy</u> factors was appropriate, review of this issue is hampered by the failure of the plaintiff to provide a transcript of the proceeding in which the circuit court denied leave to amend. In the absence of a transcript, we must assume that the circuit court heard sufficient evidence to support its decision, unless the record indicates otherwise. <u>Webster</u>, 195 Ill. 2d at 433. Again, the record does not so indicate.

18

No. 1-06-2994

The fourth amended complaint alleged that the plaintiff's medical expenses were $724.76 and that he settled his bodily injury claims with the tortfeasor for $1,050. The exhibit alleging the $2,391.70 in property damage was not included in the fourth amended complaint. Even in the absence of an allegation that the amount owed to Country Mutual exceeded the Founders' proceeds check, since the procedure utilized by Country Mutual to protect its reimbursement rights did not breach the insurance contract, the fourth amended complaint did not cure the defective pleading. See Rudlick, 169 Ill. App. 3d at 111 ("leave to amend a complaint should be granted unless it is apparent that even after amendment no cause of action can be stated").

We conclude that the denial of leave to amend was not a manifest abuse of the circuit court's discretion. Since the plaintiff was unable to prove his claim, the request for class certification must fail as well. See Jensen v. Bayer AG, 371 Ill. App. 3d 682, 693, 862 N.E.2d 1092 (2007) (for class certification, the named representative of a class action must have a valid cause of action).

The judgment of the circuit court is affirmed.

Affirmed.

SOUTH and KARNEZIS, JJ., concur.

19