THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SAMUEL T. COOPER, Defendant-Appellant.

Second District   No. 2—87—0673

Opinion filed September 12, 1988.

Gordon F. DeHart, of Aurora, for appellant.

Robert F. Casey, State's Attorney, of Geneva (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Samuel Cooper, appeals the judgment of the circuit court continuing the statutory summary suspension of his driver's license. Defendant contends that the court erred in finding that the notice of suspension given to defendant by the arresting officer was facially valid and in refusing to stay the suspension pending final disposition.

Defendant was arrested at approximately 11 p.m. on April 11, 1987, and charged with driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501). Defendant agreed to submit to a breathalyzer test. The breathalyzer readout ticket indicated that defendant took the test at 1:11 a.m. on April 12, 1987, and that he had a blood-alcohol content of .16.

At some point during the course of defendant's arrest and detention, he was given a notice of statutory summary suspension of his driver's license as required by statute (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(f)). The officer also submitted a sworn report to the

Secretary of State's office and the clerk of the circuit court. The notice is signed by the arresting officer and dated April 12, 1987, at 12:30 a.m. The sworn report, however, indicates that the notice of summary suspension was given to defendant on April 11, 1987. The sworn report states:

"Because you submitted to testing conducted pursuant to Section 11–501.2, which disclosed an alcohol concentration of .16 which is 0.10 or more, your driver's license and/or privileges will be suspended for a minimum of 3 months."

The report indicates that the test was administered April 12, 1987. The report is signed by the arresting officer and dated April 12, 1987. Defendant received notice from the Secretary of State indicating that the suspension would begin May 27, 1987.

Defendant points out that the report states that the basis for the summary suspension was his failure of the breathalyzer test. Defendant also notes that the officer's sworn report indicates that defendant received a notice of suspension before he took the breath test and is therefore facially invalid. The State responds that the discrepancy is clearly a scrivener's error, which can be corrected pursuant to *People v. Badoud* (1988), 122 Ill. 2d 50. The State contends that since the defendant's arrest and detention began late in the evening of April 11 and carried over into the early morning hours of April 12, it is clear that the officer simply became confused about the exact sequence of events and wrote the wrong date in the blank for the date of notice.

In *Badoud*, the supreme court held that the failure of the arresting officer to swear to the report was a formal defect which could be cured anytime up to and including the date of the suspension hearing. (*Badoud*, 122 Ill. 2d at 60-61.) The problem with the State's reliance on *Badoud* is that the *Badoud* court expressly contemplated that the formal error would be corrected at some point. (*Badoud*, 122 Ill. 2d at 61.) In the instant case, the State has never attempted to amend the report to correct the alleged scrivener's error.

■■ ■ A statutory summary suspension hearing is intended to be an expedient procedure to remove from the road the menace of those charged with drunk driving. Such a hearing is *sui generis*, although the rules of civil procedure generally apply. (See Ill. Rev. Stat. 1985, ch. 95½, par. 2–118.1(b).) The officer's sworn report plays a unique role in this proceeding. It is similar to a complaint in a civil case, the jurisdictional step which starts the proceeding. (Ill. Rev. Stat. 1985, ch. 95½, pars. 2–118.1(a), 11–501.1(f); see also *People v. Martin* (1987), 161 Ill. App. 3d 472, 474.) It may also constitute the evidence in the case, as the statute provides that the hearing may be conducted

solely upon the sworn report. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b)).) We have repeatedly held that the defendant has the burden of proof in a summary suspension hearing. (See, *e.g., People v. Kurtz* (1988), 171 Ill. App. 3d 1068, 1070; *People v. Martin* (1987), 161 Ill. App. 3d 472, 474.) These holdings assume, however, that the sworn report establishes on its face the validity of the suspension. In the instant case, the report shows on its face that notice of the suspension was given before defendant completed the breathalyzer test. The notice defendant received from the Secretary of State's office stated that the suspension would begin 46 days from April 11, rather than April 12, when the breath test was administered. Since the sworn report is mandatory in order for the suspension to take effect, we must reverse the judgment of the circuit court continuing the suspension and remand the cause to that court.

■ Defendant also contends that the trial court should have granted his request to stay the summary suspension pending final disposition. Defendant concedes that section 2—118.1(b) of the Illinois Vehicle Code "appears to be" an absolute prohibition of any stay of the summary suspension. This issue is moot. Although the parties agree that the main issue of the rescission of the summary suspension is not moot, since such a suspension may have collateral consequences, it is clear that the decision to stay the suspension pending appeal can have no such collateral effect. However, we note that this court recently reaffirmed that the trial court is without authority to stay the suspension. (*People v. Cronin* (1987), 163 Ill. App. 3d 911, 914.) Although defendant asserts that the no-stay provision is a violation of due process, he cites no authority for this conclusion and has therefore waived it. 113 Ill. 2d R. 341(e)(7).

For the foregoing reasons, the judgment of the circuit court continuing the statutory suspension of defendant's driver's license is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

LINDBERG, P.J., and UNVERZAGT, J., concur.