THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CAROLYN J. HALL FINT, Defendant-Appellant.

Fourth District   No. 4—88—0813

Opinion filed May 17, 1989.

John L. Wright, Jr., Tracy A. Smith, and David G. Fint, all of Fint, Wright & Associates, Ltd., and George Taseff, of Jennings, Novick, Eggan & Ostling, P.C., both of Bloomington, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

Defendant Carolyn J. Hall Fint appeals from an order of the circuit court of McLean County dated October 7, 1988, in which the

court denied her petition to rescind the statutory summary suspension of her driving privileges. (Ill. Rev. Stat. 1987, ch. 95½, pars. 2—118.1, 6—208.1, 11—501.1.) We reverse and remand this cause for further proceedings.

On September 3, 1988, at 11:47 p.m., Bloomington police officer Jeffrey Klepec arrested defendant for violating numerous provisions of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 1—100 et seq.), including driving while under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501). At 11:58 p.m. on September 3, 1988, the officer warned her about the consequences of submitting to a blood, breath, or urine chemical test. Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(c).

The officer completed a document entitled "law enforcement sworn report" (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(d)), which report indicated defendant submitted to a chemical test on September 3, 1988, at 12:21 a.m. Because the test disclosed defendant had an alcohol concentration of .17, her driving privileges were summarily suspended. Defendant subsequently received confirmation from the Secretary of State of the statutory summary suspension of her driving privileges. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(i).) The document informed defendant she would receive a minimum three-month suspension, beginning October 19, 1988, and provisionally ending January 19, 1989.

On September 8, 1988, defendant petitioned the court to rescind the statutory summary suspension of her driving privileges. At the hearing held on the petition, defendant moved for a directed finding, contending the law enforcement sworn report was facially defective in that it showed the chemical test was performed many hours prior to the time of her arrest. She argued this procedure failed to comply with the standards promulgated by the Department of Public Health, which require a mandatory 20-minute observation period from arrest to testing time. The trial court denied defendant's motion. It labelled the testing date of September 3 as a "scrivener's error" and stated it was "not fatal" to the case. Following the conclusion of the hearing, the court denied defendant's petition to rescind.

Defendant now appeals that decision and repeats her contention the law enforcement officer's sworn report was facially defective because it contained erroneous information. Relying on section 11—501.1(i) of the Code, she argues her driving privileges should not have been suspended initially. That section states as follows:

"Upon receipt of the sworn report from the law enforcement officer, the Secretary of State shall confirm the statutory sum-

mary suspension by mailing a notice of the effective date of such suspension to the person and the court of venue. However, should the sworn report be *defective by* not containing sufficient information *or be completed in error*, the *confirmation* of the statutory summary suspension *shall not be mailed* to the person or entered to the record, instead the sworn report shall be forwarded to the court of venue with a copy returned to the issuing agency identifying any such defect." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(i).

The Second District Appellate Court recently addressed a similar question in *People v. Cooper* (1988), 174 Ill. App. 3d 500, 528 N.E.2d 1011. There, a law enforcement sworn report indicated an officer had given a motorist who was under the influence of alcohol notice of the suspension of his license on the date prior to administering a breathalyzer test. The court decided that, because the report was required to effectuate the suspension and the State had made no attempt to amend the report to correct the apparent error, the suspension had to be reversed and the cause remanded for further proceedings. It noted that, in the recent case of *People v. Badoud* (1988), 122 Ill. 2d 50, 521 N.E.2d 884, the supreme court intimated that errors of this type "would be corrected at some point" in the proceedings. *Cooper*, 174 Ill. App. 3d at 502, 528 N.E.2d at 1012.

We recognize the trivial nature of the inaccuracy of the report here and that the evidence at the circuit court hearing strongly suggested the officer arrested defendant *before* the test was administered. We also recognize the term of defendant's summary suspension has apparently expired. Nevertheless, defendant is entitled to a reversal of the summary suspension if it was improper. The inaccuracy of the report in *Cooper* was as trivial as here, and the precedent of that case indicates the suspension was improper. We agree with the reasoning in *Cooper*, and, as a matter of comity and to maintain uniformity in the technical operation of the procedures involved, we conclude we must reverse.

In *Badoud*, the law enforcement officer's report was not verified as required by section 11—501.1(d) of the Code. However, in remanding for a new circuit court hearing, the supreme court held the State should be given an opportunity to obtain verification of the report by the officer before holding a new hearing to which the defendant there was entitled. Similarly, here, the relief to which the defendant is entitled is only a new hearing, and the State should be given an opportunity to make verified amendment to the officer's report if it can do so. If such amendment cannot be made, the circuit court must decide

the case in favor of defendant. If such amendment is properly made, the circuit court shall rehear the question of the propriety of the suspension.

The judgment appealed is reversed and the cause remanded to the circuit court of McLean County with directions to proceed in accordance with this opinion.

Reversed and remanded with directions.

McCULLOUGH, P.J., and LUND, J., concur.