THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOSEPH PALACIOS, Defendant-Appellee.

Third District    No. 3—94—0168

Opinion filed September 19, 1994.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

PRESIDING JUSTICE SLATER delivered the opinion of the court:

The State appeals from an order of the circuit court of Will County which rescinded the statutory summary suspension of defendant Joseph Palacios' driving privileges. Palacios has not filed an appellee's brief. However, as the record is simple and the claimed error is such that this court can reach a decision without the aid of an appellee's brief, we shall do so. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record shows that on December 12, 1993, the defendant was charged with, among other things, driving under the influence of alcohol. The arresting officer filled out and filed a sworn report with the Secretary of State's office (the Secretary). The bottom of the sworn report form read as follows:

"Pursuant to Section 11—501.1 of the Illinois Vehicle Code I have:

☐ Served immediate notice of summary suspension of driving privileges on the above named person.

☐ Given notice of summary suspension of driving privileges to the above named person by depositing in the United States mail said notice in an envelope with the postage prepaid addressed to said person at the address as shown on the Uniform Traffic Ticket."

Neither of the above boxes was checked off. Additionally, the arresting officer also left blank the spaces where he was supposed to indicate the month, day, and year in which the notice of summary suspension was given.

Nevertheless, the Secretary summarily suspended the defendant's driver's license effective January 27, 1994. On February 7, 1994, following arguments by counsel, the circuit court rescinded the summary suspension. In so doing, the court noted that the sworn report did not indicate when or how notice of the summary suspension was served upon the defendant. The court concluded that the failure to include this information was jurisdictional and granted the defendant's motion to dismiss.

On appeal, the State argues it was improper for the circuit court to rescind the summary suspension prior to holding a statutory summary suspension hearing. The State contends that it "may well have been able to [cure deficiencies in the sworn report] by testimony or amendment at the statutory summary suspension hearing." In support of this contention, the State suggests that the defendant's actions in contesting the summary suspension evidenced that he had actual notice of the suspension.

We begin by noting that apart from the defendant's diligence in protecting his rights by contesting the suspension, there is nothing in the record to indicate that the arresting officer ever actually gave the defendant notice of the summary suspension. However, we need not reach the issue of whether actual notice was given, since we agree with the circuit court that the sworn report was defective because it failed to indicate the date upon which notice was given.

The officer's sworn report plays a unique role in a summary suspension hearing. Like a complaint in a civil case, it is the jurisdictional step which starts the proceeding. *People v. Cooper* (1988), 174 Ill. App. 3d 500, 528 N.E.2d 1011.

Section 11—501.1(h) of the Illinois Vehicle Code provides:

"Upon receipt of the sworn report from the law enforcement officer, the Secretary of State shall confirm the statutory sum-

mary suspension \*\*\*. However, *should the sworn report be defective by not containing sufficient information or be completed in error, the confirmation of the statutory summary suspension shall not be mailed to the person or entered to the record,* instead the sworn report shall be forwarded to the court of venue with a copy returned to the issuing agency identifying any such defect." (Emphasis added.) 625 ILCS 5/11—501.1(h) (West 1992).

Section 11—501.1 does not directly state that the failure to include the date of notification of suspension in the sworn report renders the report "defective." However, such a conclusion is implicit in section 11—501.1(g), which states:

"The statutory summary suspension referred to in this Section shall take effect on the 46th day following the date the notice of the statutory summary suspension was given to the person." (625 ILCS 5/11—501.1(g) (West 1992).)

Clearly, unless the sworn report indicates to the Secretary the date upon which notice of suspension was given, the Secretary would be unable to impose the suspension 46 days later.

Here, the sworn report failed to indicate when notice was given. The Secretary should have identified this defect and returned the report to the issuing agency. (See *People v. Fint* (1989), 183 Ill. App. 3d 284, 538 N.E.2d 1348.) The failure to include the notification date on the sworn report could then have been easily remedied prior to issuance of the suspension. All the State would have had to do was amend the sworn report so that it indicated when notice was given. See *People v. Fint* (1989), 183 Ill. App. 3d 284, 538 N.E.2d 1348.

However, instead of returning the report for correction, it appears that the Secretary assumed notice was given on the date of arrest. Such an assumption is not necessarily accurate. (See, *e.g., People v. Marley* (1988), 176 Ill. App. 3d 401, 531 N.E.2d 107 (notice properly served three days after arrest).) Moreover, even if the Secretary's assumption turned out to have been accurate, the Secretary's action would not have been justified. A "suspend first and see if we are right later" policy might be constitutionally permissible where the defendant is able to have a presuspension hearing. (See *People v. Sarver* (1994), 262 Ill. App. 3d 513 (no due process violation even where sworn report is inadequate, because defendant had option of participating in a presuspension hearing).) However, where, as here, it is unclear that notice was given prior to the suspension, it is likewise unclear whether the defendant would have been able to have a presuspension hearing. Absent the due process protections afforded by a presuspension hearing, a defendant could lose his driving privileges without the opportunity to challenge the sworn report.

While we recognize the need to keep roads safe from drunk drivers, we conclude that the State must nevertheless comply with the requirements of due process. There is nothing in the record to indicate that the State attempted to amend the sworn report prior to issuance of the suspension. Thus, the sworn report failed to establish on its face the validity of the suspension. (See *People v. Cooper* (1988), 174 Ill. App. 3d 500, 528 N.E.2d 1011.) Accordingly, the trial court properly rescinded the summary suspension.

For the abovestated reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

McCUSKEY and STOUDER, JJ., concur.