THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASON WYZGOWSKI, Defendant-Appellant.

Third District    No. 3—00—0766

Opinion filed July 13, 2001.

Thomas L. McClintock and Melinda G. Sammons, both of Aplington, Kaufman, McClintock, Steele & Barry, of La Salle, for appellant.

James Mack, State's Attorney, of Hennepin (John X. Breslin and Nancy

Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Jason Wyzgowski, appeals from an order of the circuit court of Putnam County denying his petition to rescind the statutory summary suspension of his driving privileges. On appeal, the defendant claims that his suspension should have been rescinded because the law enforcement sworn report was defective and was not cured by amendment. We affirm.

## FACTS

On July 6, 2000, at 11:26 p.m. the defendant was arrested for driving under the influence of alcohol (625 ILCS 5/11—501 (West 2000)). At 12:22 a.m. on July 7, the officer warned the defendant about the consequences of submitting to a blood, breath, or urine chemical test. At 12:51 a.m. the defendant failed the breathalyzer test. He was immediately served notice of the summary suspension of his driving privileges and provided a copy of the law enforcement sworn report. The report, however, incorrectly states the date of arrest as July 7, 2000, at 11:26 p.m. The test date was properly recorded.

The defendant subsequently received confirmation from the Secretary of State of the statutory summary suspension. The letter informed the defendant that his driving privileges would be revoked for 12 months, beginning on August 22, 2000.

On August 24, 2000, the defendant petitioned the court to rescind his statutory summary suspension based on the scrivener's error in the report. A hearing was set for August 31. On the day of the hearing, the State filed an amended sworn report changing the date of the defendant's arrest to July 6, 2000, at 11:26 p.m. The amended report was signed by the arresting officer. No one testified at the hearing. After considering arguments by both sides, the trial court concluded that the erroneous arrest date was not fatal to the sworn report and denied the petition to rescind. The defendant now appeals.

## ANALYSIS

The defendant argues that the scrivener's error in the sworn report warrants rescission of the statutory summary suspension. He further claims that the amended sworn report was untimely and should not have been allowed to cure the defect in the initial report.

•1 A driver who has been notified of the statutory summary suspension of his driving privileges may file a petition to rescind the suspension based on certain defects in the officer's sworn report. *People v. Lent*, 276 Ill. App. 3d 80, 657 N.E.2d 732 (1995). In general, a

scrivener's error in the sworn report which does not affect the issuance of the statutory summary suspension of the defendant's driver's license is not fatal. *Lent*, 276 Ill. App. 3d 80, 657 N.E.2d 732 (arresting officer's failure to personally serve defendant with charges as indicated on the sworn report was not fatal to issuance of suspension); *People v. Steder*, 268 Ill. App. 3d 44, 642 N.E.2d 1360 (1994) (failure to sign driver's license receipt is merely a formal defect and did not affect validity of sworn report). Deficiencies in the report need not be corrected before the Secretary of State enters a statutory summary suspension. *People v. Badoud*, 122 Ill. 2d 50, 521 N.E.2d 884 (1988). An officer's sworn report may be amended at the hearing on the petition to rescind the suspension. *Badoud*, 122 Ill. 2d 50, 521 N.E.2d 884; *cf. People v. Cooper*, 174 Ill. App. 3d 500, 528 N.E.2d 1011 (1988).

•2 Section 11—501.1(h) of the Illinois Vehicle Code provides:

"Upon receipt of the sworn report from the law enforcement officer, the Secretary of State shall confirm the statutory summary suspension by mailing a notice of the effective date of the suspension to the person and the court of venue. However, should the sworn report be defective by not containing sufficient information or be completed in error, the confirmation of the statutory summary suspension shall not be mailed to the person or entered to the record; instead, the sworn report shall be forwarded to the court of venue with a copy returned to the issuing agency identifying any defect." 625 ILCS 5/11—501.1(h) (West 2000).

Pursuant to section 11—501.1(g), the Secretary of State is directed to issue a summary suspension on the forty-sixth day following the date the notice of the statutory summary suspension was served. 625 ILCS 5/11—501.1(g) (West 2000).

•3 The defendant claims that since his sworn report was defective, the summary suspension of his license should not have been confirmed by the Secretary of State. Section 11—501.1(h) defines a defective report as one that does not contain sufficient information from which to issue a suspension or one that was completed in error. 625 ILCS 11—501.1(h) (West 2000). Aside from the date of arrest, the report in the instant case correctly identified the breathalyzer testing date as July 7, 2000. It also accurately stated that the defendant was provided notice of the statutory summary suspension immediately after he failed the test on July 7. Thus, the report contained sufficient information to permit the Secretary of State to calculate the effective date of the suspension. We find that the scrivener's error in the sworn report was merely a formal defect and did not affect the validity of the report. Moreover, the defect did not deprive the defendant of any substantial right because he received proper notice of the summary

suspension and the dates upon which the suspension was based were correctly recorded in the original sworn report.

The defendant's argument that the trial court erred in allowing the State to amend the report also fails. In *Badoud*, 122 Ill. 2d 50, 521 N.E.2d 884, the arresting officer failed to swear to the report. The defendant challenged the scrivener's error, claiming that the statute required that the report be sworn to when the Secretary of State receives it and enters the suspension. The supreme court concluded that the summary suspension statute should be construed liberally to accomplish the purpose of fostering highway safety. Consequently, it determined that the officer should be allowed to correct the error by swearing under oath that the report is true during the hearing on the petition to rescind. The fact that the suspension had been entered prior to the hearing did not alter the court's determination. *Badoud*, 122 Ill. 2d 50, 521 N.E.2d 884.

In the instant case, we recognize that the State did not seek to amend the sworn report until the error was raised in the defendant's petition to rescind. However, based on *Badoud*, we see nothing inappropriate in the trial court's decision to allow the State to amend the report at the hearing.

Accordingly, the judgment of the circuit court of Putnam County is affirmed.

Affirmed.

HOMER, P.J., and LYTTON, J., concur.