# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Pollitt*, 2011 IL App (2d) 091247

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT J. POLLITT, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-09-1247 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | February 22, 2011<br><br>November 8, 2011<br>November 8, 2011 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a DUI prosecution, the trial court properly granted defendant's petition to rescind the statutory summary suspension of his driving privileges and denied the State's motion to reconsider, since the breath test was administered September 3, but the officer's sworn report indicated that the notice of statutory summary suspension was given on September 2, the result was that defendant's license was suspended one day early, and the officer did not mark the box to indicate that the notice was served immediately after defendant failed the breath test, the State did not move to amend the sworn report before or at the hearing on the petition to rescind, and the postjudgment motion to amend was not made to make the report conform to the proofs, especially when the officer did not testify. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 09-DT-3746; the Hon. Cary B. Pierce, Judge, presiding. |

| Judgment | Affirmed. |
|---|---|

| Counsel on Appeal | Joseph E. Birkett, State's Attorney, of Wheaton (Lisa A. Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
|---|---|
| | Robert F. Stringini and Michael J. Garvey, both of Stringini & Garvey, P.C., of Addison, for appellee. |

| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion. Justices McLaren and Hutchinson concurred in the judgment and opinion. |
|---|---|

**OPINION**

¶ 1    The State appeals from the October 16, 2009, order of the circuit court of Du Page County that granted the petition of the defendant, Robert Pollitt, to rescind the statutory summary suspension of his driving privileges. The State also appeals from the November 10, 2009, order of the circuit court that denied its motion to reconsider. We affirm.

¶ 2    On September 2, 2009, at 10:25 p.m., the defendant was arrested for driving under the influence (DUI) (625 ILCS 5/11-501(a)(1), (a)(2) (West 2006)), speeding (625 ILCS 5/11-601(b) (West 2006)), and failure to signal when required (625 ILCS 5/11-804 (West 2006)). The defendant was transported to the Addison police department. Also on September 2, 2009, at 11:29 p.m., the arresting officer warned the defendant about the consequences of submitting to a blood, breath, or urine chemical test. 625 ILCS 5/11-501.1(c) (West 2006). The defendant agreed to submit to a breath test. The breath test readout ticket indicated that the defendant took the test at 12:11 a.m. on September 3, 2009, and that he had a blood alcohol content of 0.144. The officer subsequently completed a document entitled "law enforcement sworn report." The report indicated that the defendant submitted to a breath test on September 3, 2009, but that the defendant was given notice of the statutory summary suspension of his driver's license on September 2, 2009. The officer submitted a copy of the sworn report to the Secretary of State's office and the clerk of the circuit court. The defendant received notice from the Secretary of State that the suspension would begin October 18, 2009.

¶ 3    On September 11, 2009, the defendant filed a petition to rescind the statutory summary suspension of his driving privileges, challenging only whether the officer had a proper basis to stop and investigate him for a DUI violation. The petition did not indicate that the

defendant was challenging the suspension on the basis of defects in the sworn report. On October 2, 2009, the parties appeared in court and, at the defendant's request, the case was continued to October 16, 2009.

¶ 4 On October 16, 2009, the parties appeared for a hearing on the defendant's petition. The defendant noted that although the breath test was administered at 12:11 a.m. on September 3, 2009, the officer's sworn report indicated that the notice of statutory summary suspension was given on September 2, 2009. The defendant further noted that, pursuant to the Illinois Vehicle Code (the Code) (625 ILCS 5/11-501.1(g) (West 2006)), his suspension was required "to take effect on the 46th day following the date the notice of the statutory summary suspension was given." The defendant argued that, because of that error, the Secretary of State was suspending his license a day early, namely, as of October 18, 2009, rather than October 19, 2009. The defendant held a commercial driver's license (CDL) and he argued that starting his suspension a day early was a violation of his right to due process. The defendant also noted that the officer did not mark the box to indicate that the notice of suspension was served immediately upon the defendant after he failed the breath test.

¶ 5 The State argued that due process required only that a hearing on the defendant's petition to rescind be held within 30 days of the filing of his petition. The defendant was afforded an opportunity for such a hearing. The State argued that there was no case law to support the proposition that starting a suspension 45 days, rather than 46 days, after the requisite notice entitled a defendant to a rescission. The State also argued that "in regards to the box not being checked, I will have the trooper come in here and testify that he personally served the defendant." However, the State never called the trooper to testify.

¶ 6 Ultimately, the trial court found as follows:

"the consequences of this scrivener's error or whatever is not curable by any other mechanism but the Court using its equitable powers to rescind. I mean, it probably technically is against the intent of the legislature. However, it is clearly in violation of the 46 days.

There is no other relief that can be given this defendant civilly against the Secretary of State or the State Police or the prosecutors because of the 24[-hour] loss of his privilege to drive. Therefore, I find it to be a critical mistake that cannot be amended, and there's no other relief available for the defendant to cure this, so I'm going to rescind it."

Thereafter, the State requested one week to file a motion to reconsider. The trial court granted that request but noted that it was going to enter the rescission.

¶ 7 On October 20, 2009, the State filed a motion to reconsider the trial court's October 16, 2009, ruling. The State argued that there were only four grounds upon which a suspension could be rescinded (see 625 ILCS 5/2-118.1(b) (West 2006)) and that a suspension starting 45 days after notice was given was not one of those reasons. The State argued that the purpose of the 46-day delay was to give a driver an opportunity to stop an improper suspension from taking effect. The State argued that the defendant had that opportunity, as he had filed a petition to rescind and had two opportunities for hearing on the petition. The State further argued that misdating a sworn report was a defect that could be cured by

amending the sworn report. Accordingly, the State requested that the trial court vacate its order rescinding the defendant's summary suspension and immediately hold a suspension hearing, at which time the State could amend the report or, alternatively, reopen the proofs. In response, the defendant argued that the sworn report was fatally defective, that the State never attempted to amend the report, and that the rescission order should not be vacated.

¶ 8     On November 10, 2009, a hearing was held on the State's motion to reconsider. The defendant argued that his petition to rescind was filed on September 11, 2009, and that the State never made a motion to amend the sworn report. The defendant further argued that case law supported a rescission of a suspension based on a defective sworn report. The State argued that there was no case law providing that a defendant is entitled to 46 days' notice before his suspension begins. The State argued that a defendant is entitled only to a hearing before the suspension takes effect. The State also argued that it was entitled to amend the sworn report. Ultimately, the trial court found as follows:

> "First of all, this is a motion to reconsider, and I'm not inclined to allow the State to amend any pleadings on a motion to reconsider which should have been done at the original hearing.
>
> So I'm gonna deny the motion. It stays rescinded."

Thereafter, the State filed a timely notice of appeal.

¶ 9     On appeal, the State argues that the trial court erred in granting the defendant's petition to rescind and in denying its motion to reconsider. In addition to raising the same arguments that were made before the trial court, the State argues that a defendant's reliance on "hyper-technicalities" as a basis to rescind a suspension violates the state's public policy to deter and remove drug-impaired drivers from the roadways. Additionally, the State argues that the trial court should have granted its motion to reconsider and allowed it an opportunity to amend the sworn report.

¶ 10    Section 11-501.1(a) of the Code provides that "[a]ny person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent *** to a chemical test or tests of blood, breath, or urine for the purpose of determining the content of alcohol *** in the person's blood if arrested *** for [DUI]." 625 ILCS 5/11-501.1(a) (West 2008). A motorist who is asked to submit to such testing shall be warned that his driving privileges will be summarily suspended if he (1) refuses testing or (2) submits to testing that reveals that the motorist's blood alcohol level is in excess of the legal limit. 625 ILCS 5/11-501.1(c) (West 2008). If testing reveals a blood alcohol level in excess of the legal limit, "the law enforcement officer shall immediately submit a sworn report to the circuit court of venue and the Secretary of State, certifying that the test *** was *** requested under paragraph (a) and the *** testing *** disclosed an alcohol concentration of 0.08 or more." 625 ILCS 5/11-501.1(d) (West 2008).

¶ 11    Furthermore, under section 11-501.1(e), the Secretary of State's office shall enter a summary suspension "[u]pon receipt of the sworn report of a law enforcement officer." 625 ILCS 5/11-501.1(e) (West 2008). Section 11-501.1(f) requires the officer submitting the sworn report to "serve immediate notice of the statutory summary suspension on the person."

-4-

625 ILCS 5/11-501.1(f) (West 2008). Section 11-501.1(g) provides, in turn, that the summary suspension "shall take effect on the 46th day following the date the notice of the statutory summary suspension was given to the person." 625 ILCS 5/11-501.1(g) (West 2008).

¶ 12    If a motorist's driving privileges are summarily suspended, the motorist may request a judicial hearing seeking rescission of that suspension. 625 ILCS 5/2-118.1 (West 2008). The scope of that hearing is limited to the issues of whether (1) the motorist was placed under arrest for DUI; (2) the arresting officer had reasonable grounds to believe that the motorist was driving under the influence; (3) the motorist, after proper warnings, refused to submit to testing; and (4) the motorist, after proper warnings, submitted to testing and the test revealed a blood alcohol concentration of 0.08 or greater. 625 ILCS 5/2-118.1(b) (West 2008). However, the trial court may also consider defects in the officer's sworn report. *People v. Badoud*, 122 Ill. 2d 50, 54 (1988). "Upon the conclusion of the judicial hearing, the circuit court shall sustain or rescind the statutory summary suspension and immediately notify the Secretary of State." 625 ILCS 5/2-118.1(b) (West 2008).

¶ 13    A hearing on a petition to rescind a statutory summary suspension of driving privileges is a civil proceeding. *People v. Wiley*, 333 Ill. App. 3d 861, 863 (2002). The defendant bears the burden of proof and, if he or she establishes a *prima facie* case for rescission, the burden then shifts to the State to come forward with evidence justifying the suspension. *Id.* In considering an appeal of a ruling on a petition to rescind, a court of review defers to the trial court's factual findings and considers *de novo* whether the petition to rescind should be granted. *People v. Hacker*, 388 Ill. App. 3d 346, 350 (2009).

¶ 14    In determining whether the trial court properly granted the defendant's petition to rescind, we find *People v. Cooper*, 174 Ill. App. 3d 500 (1988), instructive. In that case, Cooper was arrested for DUI on April 11, 1987, at 11 p.m. *Id.* at 501. Cooper agreed to take a breath test, which revealed that he had a blood alcohol content of 0.16. *Id.* Cooper was notified of his statutory summary suspension and the police officer submitted a sworn report to the Secretary of State's office and the clerk of the circuit court. *Id.* at 501-02. The sworn report was signed by the arresting officer and dated April 12, 1987. *Id.* at 502. The report indicated that the breath test was taken on April 12, 1987, at 1:11 a.m. *Id.* at 501. The report further indicated that Cooper was notified of his statutory summary suspension on April 11, 1987. *Id.* at 502. The defendant received notice from the Secretary of State that his suspension would begin May 27, 1987. *Id.*

¶ 15    Cooper filed a petition to rescind his statutory summary suspension, which the trial court denied. *Id.* at 501. On appeal, the reviewing court held that an officer's sworn report "plays a unique role" in a statutory summary suspension proceeding. *Id.* at 502. "It is similar to a complaint in a civil case, the jurisdictional step which starts the proceeding." *Id.* at 502. As such, the reviewing court held as follows:

    "In the instant case, the report shows on its face that notice of the suspension was given before the defendant completed the breathalyzer test. The notice defendant received from the Secretary of State's office stated that the suspension would begin 46 days from April

-5-

11, rather than April 12, when the breath test was administered. Since the sworn report is mandatory in order for the suspension to take effect, we must reverse the judgment of the circuit court continuing the suspension and remand the cause to that court." *Id.* at 503.

The reviewing court noted that the State had never attempted to amend the report to correct the alleged scrivener's error. *Id.* at 502.

¶ 16 Similarly, in *People v. Palacios*, 266 Ill. App. 3d 341, 342 (1994), the trial court rescinded Palacios's statutory summary suspension because the sworn report did not indicate the date the notice of suspension was given to Palacios and the failure to include that information was jurisdictional. The State appealed, but the reviewing court affirmed the trial court's decision. *Id.* at 344. The reviewing court noted that, in the absence of a date indicating when the notice of suspension was given, the Secretary of State would be unable to impose the suspension 46 days later (625 ILCS 5/11-501.1(g) (West 2008)). *Id.* at 343. The reviewing court further noted that there was no indication in the record that the State attempted to amend the sworn report prior to issuance of the suspension. *Id.* at 344. The reviewing court held that the trial court properly rescinded the summary suspension because the sworn report failed to establish on its face the validity of the suspension. *Id.*

¶ 17 Based on the holdings in *Cooper* and *Palacios*, the trial court did not err in granting the defendant's petition to rescind. The officer's sworn report failed to establish on its face the validity of the suspension because, as in *Cooper*, the report indicated that notice was given before the defendant completed the breath test. Furthermore, because the sworn report indicated that notice was given on September 2, 2009, a day prior to the breath test, the Secretary of State commenced the suspension 46 days from September 2 rather than September 3, the actual date that the defendant was presumably given notice of the suspension. Finally, at the hearing, the State did not move to amend the sworn report. Accordingly, the trial court did not err in granting the defendant's petition to rescind.

¶ 18 The State's next contention on appeal is that the trial court erred in denying its motion to reconsider. The denial of a motion to reconsider based only on the trial court's application of existing law is reviewed *de novo*. *Compton v. Country Mutual Insurance Co.*, 382 Ill. App. 3d 323, 330 (2008). "However, where the denial of a motion to reconsider is based on new matters, such as additional facts or new arguments or legal theories that were not presented during the course of the proceedings leading to the issuance of the order being challenged, the abuse of discretion standard applies." *Id.* In the present case, in moving to reconsider, the State requested an opportunity to either amend the sworn report or reopen the proofs. Accordingly, because the denial of the motion to reconsider was based on a request to admit additional facts, we must review it for an abuse of discretion. *Id.* "In determining whether the trial court abused its discretion, 'the question is not whether the reviewing court agrees with the trial court, but whether the trial court acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted.' " *In re Marriage of Gowdy*, 352 Ill. App. 3d 301, 307 (2004) (quoting *In re Marriage of Aud*, 142 Ill. App. 3d 320, 326 (1986)).

¶ 19    In the present case, we cannot say that the trial court abused its discretion in denying the State's motion to reconsider. We acknowledge that defects in an officer's sworn report can usually be corrected by amendment. See *Badoud*, 122 Ill. 2d at 59; *People v. Fint*, 183 Ill. App. 3d 284, 286 (1989). However, it is generally contemplated that such defects would be corrected either before or at the suspension hearing. *Badoud*, 122 Ill. 2d at 61. Here, the State did not move to amend the report before or at the hearing, but moved to amend it after the judgment. In a summary suspension proceeding, the sworn report is effectively the complaint. *Id.* at 54. After judgment, a complaint may be amended only to conform to the proofs. *Mandel v. Hernandez*, 404 Ill. App. 3d 701, 707 (2010). Here, the officer did not testify, so the request to amend was not to make the sworn report conform to any proofs. Accordingly, based on the posture from which the State attempted to amend the sworn report or reopen the proofs, we cannot say that the trial court's denial of that request exceeded the bounds of reason or ignored recognized principles of law.

¶ 20    For the foregoing reasons, we affirm the judgment of the trial court granting the defendant's petition to rescind and denying the State's motion to reconsider.

¶ 21    Affirmed.