# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Mayor, 2012 IL App (2d) 120050**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RYAN MAYOR, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0050 |
| Filed | December 28, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendant's petition to rescind the summary suspension of his driving privileges was upheld, notwithstanding his contention that the Secretary of State erred in imposing a three-year suspension on the basis of an erroneous determination that he was not a "first offender," since defendant's allegations did not support a rescission. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 11-DT-3971; the Hon. Cary B. Pierce, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Stephen J. Klein, of Ramsell & Associates, LLC, of Wheaton, for appellant.

Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Kathryn E. Kohls, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justice Zenoff concurred in the judgment and opinion.
Justice McLaren specially concurred, with opinion.

## OPINION

¶ 1  Defendant, Ryan Mayor, appeals from the trial court's order denying his petition to rescind the summary suspension of his driving privileges and from the court's subsequent order denying his motion for reconsideration. He argues that he is entitled to rescission because the Secretary of State erroneously imposed a three-year suspension after erroneously determining that he was not a " 'first offender' " under section 11-500 of the Illinois Vehicle Code (the Code) (625 ILCS 5/11-500 (West 2010)). We affirm.

¶ 2  I. BACKGROUND

¶ 3  Defendant was twice arrested for driving under the influence of alcohol (DUI). The first arrest occurred on September 9, 2011 (DUI No. 1). On October 27, 2011, defendant pleaded guilty to a lesser charge of reckless driving, and the trial court entered an agreed order rescinding the summary suspension of defendant's driving privileges. Although the rescission was granted on October 27, 2011, defendant's official driving record on file with the Secretary of State showed that the rescission had an effective date of October 20, 2011.[1]

¶ 4  Defendant's second DUI arrest (and the one at issue in this case) occurred on October 24, 2011 (DUI No. 2). Confirmation from the Secretary of State of the summary suspension resulting from DUI No. 2 was filed with the trial court on November 3, 2011. The Secretary

_____

[1]A copy of the Secretary of State's official driving record of defendant is contained in the appendix of defendant's brief. There does not appear to be a copy in the record. However, the transcript of the proceedings makes clear that it was admitted into evidence by defendant as defense exhibit 5 and was considered by the trial court. The State makes no argument that it should not be considered now.

of State's confirmation established that the summary suspension would begin on December 9, 2011, and would be in effect for three years. The confirmation further provided that defendant was not a first offender.

¶ 5    On November 3, 2011, defendant petitioned to rescind the summary suspension with respect to DUI No. 2. At the hearing on the petition, defendant argued that he was entitled to rescission based on the improper length of the suspension.[2] According to defendant, the Secretary of State incorrectly treated him as a second offender based on the prior summary suspension for DUI No. 1 and thus incorrectly suspended him for three years.

¶ 6    The trial court found that the length of a summary suspension was not a proper basis upon which to rescind a summary suspension. The court did not consider whether defendant was improperly considered a second offender.

¶ 7    Following the denial of his motion for reconsideration, defendant timely appealed.

¶ 8                                    II. ANALYSIS

¶ 9    Defendant first argues that the trial court erred in concluding that an allegedly improper length of a summary suspension is not a proper basis for rescission under section 2-118.1 of the Code (625 ILCS 5/2-118.1 (West 2010)). The State maintains that, because defendant's basis for rescission does not fall within the four statutory grounds for rescission, the trial court correctly determined that it was without authority to rescind the summary suspension.

¶ 10    When a defendant's driving privileges are summarily suspended as a result of the defendant's arrest for DUI (see 625 ILCS 5/11-501.1 (West 2010)), the defendant may petition to rescind the suspension. 625 ILCS 5/2-118.1(b) (West 2010). The scope of the hearing is generally limited to the issues of whether: (1) the defendant was placed under arrest for DUI; (2) the arresting officer had reasonable grounds to believe that the defendant was driving under the influence; (3) the defendant, after proper warnings, refused to submit to testing; and (4) the defendant, after proper warnings, submitted to testing and the test revealed a blood alcohol concentration of 0.08 or greater. 625 ILCS 5/2-118.1(b) (West 2010). However, the hearing may address certain other issues. See *People v. Pollitt*, 2011 IL App (2d) 091247, ¶ 12. After the hearing, the court shall sustain or rescind the summary suspension. 625 ILCS 5/2-118.1(b) (West 2010). "There is no provision for reducing the period of the suspension." *People v. Severson*, 379 Ill. App. 3d 699, 704 (2008). The parties agree that, because the issue before the court is a question of law, our standard of review is *de novo*. *People v. Sorenson*, 196 Ill. 2d 425, 431 (2001).

¶ 11    Relying on *Pollitt*, defendant argues that an improper length of suspension can form the basis of a rescission. In *Pollitt*, the defendant was arrested for DUI at 10:25 p.m. on September 2, 2009, and, at 11:29 p.m., he was warned about the consequences of submitting to DUI testing. The defendant was given a breath test at 12:11 a.m. on September 3, 2009.

_____

[2]Although defendant did not raise this issue as a basis for rescission in his petition to rescind, he raised the issue at the beginning of the hearing and the court said, "That can be a good issue." The State does not raise any challenge concerning defendant's failure to include the issue in his petition.

The officer's sworn report indicated that the defendant submitted to a breath test on September 3 but that the defendant was given notice of his suspension on September 2. The defendant received notice from the Secretary of State that his suspension would begin on October 18, 2009, which was 46 days from September 2, rather than 46 days from September 3 (the actual date on which the defendant was presumably given notice of the suspension). This court affirmed the rescission of the defendant's summary suspension. *Pollitt*, 2011 IL App (2d) 091247, ¶ 17.

¶ 12     Here, defendant asserts that, because we affirmed the rescission of a suspension that began too soon, *Pollitt* supports the rescission of a suspension that ends too late. Although this argument has superficial appeal, *Pollitt* is nevertheless distinguishable. Indeed, in *Pollitt*, we affirmed the rescission not merely because the length of the suspension was improper, but because the improper length of the suspension was the product of a defect in the officer's sworn report.

¶ 13     In *Pollitt*, we noted that, beyond the four statutory grounds for rescission, "the trial court may also consider defects in the officer's sworn report." *Id.* ¶ 12 (citing *People v. Badoud*, 122 Ill. 2d 50, 54 (1988)). This is because the sworn report " 'plays a unique role' in a statutory summary suspension proceeding." *Id.* ¶ 15 (quoting *People v. Cooper*, 174 Ill. App. 3d 500, 502 (1988)). " 'It is similar to a complaint in a civil case, the jurisdictional step which starts the proceeding.' " *Id.* (quoting *Cooper*, 174 Ill. App. 3d at 502). Thus, relying on *Cooper* and *People v. Palacios*, 266 Ill. App. 3d 341 (1994), both of which addressed defects in sworn reports, we affirmed the rescission because the "sworn report failed to establish on its face the validity of the suspension." *Pollitt*, 2011 IL App (2d) 091247, ¶ 17.

¶ 14     Here, defendant alleged no defect in the officer's sworn report. Indeed, he alleged an error not by the officer but by the Secretary of State. *Pollitt* does not extend to such errors.[3] Under *Pollitt*, a rescission may be granted for one of the statutory grounds or for a defect in " 'the jurisdictional step which starts the proceeding.' " *Id.* ¶ 15 (quoting *Cooper*, 174 Ill. App. 3d at 502). An improper length of suspension otherwise imposed by the Secretary of State is none of the above. Thus, whatever defendant's remedy might be, it is not rescission, and thus the trial court properly denied his petition to rescind.

¶ 15                                   III. CONCLUSION

¶ 16     The judgment of the circuit court of Du Page County is affirmed.

¶ 17     Affirmed.

---

[3]This is not to say that *no* error by the Secretary of State may result in rescission. In addition to *Pollitt*, defendant cites *People v. Madden*, 273 Ill. App. 3d 114 (1995), in which the Secretary's delay in confirming the defendant's suspension resulted in the lack of a timely hearing on the defendant's petition to rescind. See also *People v. Moreland*, 2011 IL App (2d) 100699. It is settled that the lack of a timely hearing is a basis for rescission. *People v. Schaefer*, 154 Ill. 2d 250, 261-62 (1993). However, there is no authority establishing that the Secretary's imposition of an improperly long suspension is likewise a basis for rescission, and we decline to create it here.

¶ 18 JUSTICE McLAREN, specially concurring.

¶ 19 I specially concur because I believe that the majority fails to clearly enunciate why the trial court could not (rather than did not) entertain the petition. The statutory scheme the legislature created did not contemplate that the trial court should adjudicate this type of problem, especially with the narrow relief of either sustain or rescind, without the ability to conform the action to the law. That ability to change the action to conform to the law is contained in the statute giving citizens the ability to obtain administrative review through the Secretary of State's office. 625 ILCS 5/2-118 (West 2010). This most appropriate form of relief is not provided within the parameters of the review of a summary suspension.

¶ 20 Simply put, the relief defendant was seeking from the trial court was relief it was not statutorily authorized to grant.