# Illinois Official Reports

## Appellate Court

---

### *People v. McLeer*, 2015 IL App (2d) 140526

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAIME McLEER, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-14-0526 |
| Filed | February 27, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | When defendant was arrested for driving under the influence and the arresting officer, after defendant refused to submit to testing, told defendant that his driving privileges would be suspended and the officer tendered the sworn report to defendant even though the report was incomplete in that a date was not filled in, and later, based on the advice of the Secretary of State's Office, the arresting officer amended the report to include the missing date, sent it to the Secretary, who used it to confirm the suspension date, and the officer gave defendant the amended report at the suspension hearing, the State was allowed to amend the sworn report in the court's file to show the correct date; therefore, under the circumstances, the amended sworn report allowed the Secretary of State to calculate and confirm defendant's suspension and determine that the defect did not warrant the rescission of the suspension, and the trial court's judgment upholding the denial of defendant's petition to rescind suspension was affirmed. |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 14-TR-2948; the Hon. Joel D. Berg, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Elizabeth J. Pudwill, of Donahue & Walsh, P.C., of McHenry, for appellant.

Louis A. Bianchi, State's Attorney, of Woodstock (Lawrence M. Bauer and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE BURKE delivered the judgment of the court, with opinion. Presiding Justice Schostok and Justice Zenoff concurred in the judgment and opinion.

## OPINION

¶ 1    The driving privileges of defendant, Jaime McLeer, were summarily suspended after he refused to submit to chemical testing to determine the concentration of alcohol in his blood. Defendant petitioned to rescind the suspension, claiming, among other things, that the suspension was based on the arresting officer's incomplete "Law Enforcement Sworn Report"[1] (sworn report). At the hearing on the petition, the court allowed the State to amend the sworn report to indicate the date that the notice was given to defendant. The trial court denied the petition, and defendant timely appeals. For the reasons that follow, we affirm.

¶ 2    The following facts are relevant to resolving the issue raised. On January 26, 2014, defendant was arrested for driving under the influence (DUI) (see generally 625 ILCS 5/11-501 (West 2012)). After being warned of the consequences, defendant refused to submit to testing. As a result, the arresting officer told defendant that his driving privileges would be suspended, and the officer tendered the sworn report to him. The sworn report was dated "01/26/14," listed that date as the "Refusal or Test Date," and indicated that "immediate Notice of Summary Suspension/Revocation of driving privileges [was served] on [defendant]." However, no date was listed next to the designation "Notice of Summary Suspension/Revocation Given On." Based on the lack of this date, among other reasons, defendant petitioned to rescind his suspension.

¶ 3    At the hearing on this petition, the arresting officer testified that, soon after he sent the sworn report to the Secretary of State's office (Secretary), the Secretary informed him that, because information was missing on the sworn report, the Secretary was unable to confirm the summary suspension of defendant's driving privileges. More specifically, the Secretary advised the arresting officer that he needed to fill in the portion of the form that provided when "Notice of Summary Suspension/Revocation [was] Given." The arresting officer amended the sworn report to indicate that notice was given to defendant on the date he was arrested, January 26, 2014. He sent the amended sworn report to the Secretary, and the Secretary used it to

---

[1]The sworn report is a preprinted form that informs the defendant that his suspension will take effect on the forty-sixth day after issuance of the notice. See 625 ILCS 5/11-501.1(g) (West 2012).

confirm that the summary suspension of defendant's driving privileges would begin 46 days after January 26, 2014, *i.e.*, on March 13, 2014. However, the officer never sent the amended sworn report to defendant or the court. Nevertheless, the officer confirmed at the hearing that he gave defendant notice of the suspension on January 26, 2014. Based on this evidence, the court allowed the State to amend the copy of the sworn report that was in the court's file to reflect that notice was given to defendant on January 26, 2014.

¶ 4 The trial court denied the petition to rescind the summary suspension of defendant's driving privileges. In doing so, the court found that the arresting officer's failure to fill in the portion of the sworn report asking for the date that "Notice of Summary Suspension/Revocation [was] Given" constituted a formal defect that could be cured by amendment, as all of the evidence indicated that defendant was served with notice of the suspension on January 26, 2014.

¶ 5 Soon thereafter, defendant moved the court to reconsider the denial of his petition to rescind. The trial court denied the motion. In reaching that conclusion, the court found that, on the sworn report, there was "a date in the lower right-hand corner" and a "box checked saying that [the officer] gave notice." Moreover, there was "sworn testimony from an officer that was in no way impeached that said [the officer] gave a copy of that document to [defendant] telling [defendant] that 46 days hence, [his] license will be suspended."

¶ 6 On appeal, defendant argues that (1) the defect in the original sworn report required the rescission of the suspension of his driving privileges; and (2) the defect was not effectively cured by any purported amendment. As we reject defendant's first argument, we do not reach his second.

¶ 7 Although we generally employ a bifurcated standard of review in reviewing a trial court's ruling on a petition to rescind the suspension of driving privileges (see *People v. Wear*, 229 Ill. 2d 545, 561-62 (2008)), our review here is *de novo*, as the facts are not in dispute (see *People v. Sven*, 365 Ill. App. 3d 226, 231 (2006)).

¶ 8 Section 11-501.1(g) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501.1(g) (West 2012)) provides that "[t]he statutory summary suspension [of a defendant's driving privileges] shall take effect on the 46th day following the date the notice of the statutory summary suspension *** was given to the [defendant]." Section 2-118.1(a) of the Code (625 ILCS 5/2-118.1(a) (West 2012)) mandates that "[a] statutory summary suspension *** of driving privileges under [s]ection 11-501.1 shall not become effective until the [defendant] is notified in writing of the impending suspension *** and informed that he may request a hearing in the circuit court of venue."

¶ 9 Section 2-118.1(b) of the Code (625 ILCS 5/2-118.1(b) (West 2012)) provides for the grounds upon which a petition to rescind a suspension may be based. Although the scope of a petition to rescind is generally limited to these grounds, our supreme court has determined that a defendant may also challenge defects in the officer's sworn report. *People v. Clayton*, 2014 IL App (4th) 130340, ¶ 20; see *People v. Badoud*, 122 Ill. 2d 50, 54 (1988). Here, defendant challenges the officer's sworn report.

¶ 10 A defective report is defined as one that contains insufficient information from which to issue a suspension or one that was completed in error. 625 ILCS 5/11-501.1(h) (West 2012). Accordingly, errors in the sworn report that do not prevent the Secretary from confirming the suspension are not fatal and will result in the denial of the defendant's petition to rescind. *People v. Wyzgowski*, 323 Ill. App. 3d 604, 606 (2001).

¶ 11    The question presented here is whether the failure to fill in the blank line on the sworn report asking for when "Notice of Suspension/Revocation [was] Given" constituted a fatal defect warranting the rescission of the statutory summary suspension of defendant's driving privileges. We find two cases instructive on this question.

¶ 12    In *Wyzgowski*, the sworn report indicated that the defendant was arrested and failed a Breathalyzer test on July 7, 2000. *Id.* at 605. In actuality, the defendant was arrested on July 6, 2000, the day before. *Id.* The Secretary confirmed the summary suspension, advising the defendant that the suspension would begin 46 days after July 7, 2000, *i.e.*, on August 22, 2000, and the defendant petitioned to rescind the suspension based on the arrest-date defect in the sworn report. *Id.* The trial court denied the petition, and the defendant appealed. *Id.* The appellate court affirmed, noting that "[a]side from the date of arrest, the [sworn] report in the instant case correctly identified the breathalyzer testing date as July 7, 2000," and the sworn report "also accurately stated that the defendant was provided notice of the statutory summary suspension immediately after he failed the test on July 7." *Id.* at 606. Given those two things, the court determined that "the [sworn] report contained sufficient information to permit the Secretary *** to calculate the effective date of the suspension." *Id.* Thus, the defect was not fatal, "because [the defendant] received proper notice of the summary suspension and the dates upon which the suspension was based were correctly recorded in the original sworn report." *Id.* at 606-07.

¶ 13    In *People v. Palacios*, 266 Ill. App. 3d 341, 342 (1994), the sworn report the defendant was given failed to indicate whether notice of the suspension was given to the defendant immediately or mailed to him. Moreover, the arresting officer failed to fill in the blank space asking for the date that notice of the suspension was given to the defendant. *Id.* The Secretary confirmed the suspension, using the date of the defendant's arrest as the date that notice was given. *Id.* at 342-43. The defendant petitioned to rescind the suspension, the trial court granted the petition, and the State appealed. *Id.* at 342. The appellate court affirmed, noting that "unless the sworn report indicates to the Secretary the date upon which notice of suspension was given, the Secretary would be unable to impose the suspension 46 days later." *Id.* at 343.

¶ 14    Although the sworn report here falls somewhere between *Wyzgowski* and *Palacios*, we believe that it is closer to *Wyzgowski*. Specifically, the sworn report listed the date that defendant refused to submit to testing, indicated that notice of the suspension was served on defendant immediately, and stated that it was signed on the same date. From this information, the Secretary, as in *Wyzgowski*, had sufficient information to calculate and confirm the suspension. In *Palacios*, unlike in this case, the sworn report failed to indicate not only the date that notice was given to the defendant, but also whether notice was immediately given to him or mailed. Because of this lack of information, the Secretary could not deduce when notice was given to the defendant. Here, the Secretary had sufficient information to conclude that defendant was given notice of the suspension on January 26, 2014. Accordingly, the Secretary could properly calculate that the suspension would begin 46 days later, on March 13, 2014.

¶ 15    The fact that, in this case, the Secretary sent the sworn report back to the arresting officer so that he could fill in the blank next to "Notice of Summary Suspension/Revocation Given On" is inconsequential. Perhaps the Secretary was being overly cautious in light of the holding in *Palacios*, but at issue is not whether the Secretary *actually confirmed* the summary suspension based on the information in the sworn report but, rather, whether the Secretary *could have* done so. Here, although we certainly do not condone the officer's failure to

complete the sworn report *in toto*, the information in the sworn report gave the Secretary sufficient information to calculate and confirm defendant's suspension.

¶ 16    Having concluded that the defect did not warrant the rescission of the suspension, we need not address whether the defect was effectively cured.

¶ 17    For these reasons, the judgment of the circuit court of McHenry County is affirmed.

¶ 18    Affirmed.